MADER ET UX. *vs.* FOX.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A supplemental petition, praying for a new order of seizure and sale, *is admissible*, if it do not alter the plaintiff's original demand, but is only a continuation of it, embracing instalments not due when the first was filed.

This case comes up on an appeal from an order of seizure and sale, granted on a supplemental petition of the plaintiffs.

The record shows, that Madame Fox, in January, 1837, purchased two lots of ground in faubourg Lacourse; No. 1, belonging to Madame Mader, for eight thousand five hundred dollars, and No. 2, belonging to P. E. Mader, the husband, for seven thousand five hundred dollars. The defendant assumed the payment of three notes given by P. E. Mader, for eight hundred and thirty-three dollars thirty-three and one-third cents each, bearing mortgage upon lot No. 2 ; and for the balance, she gave her two notes, bearing mortgage.

On the 20th January, 1838, after the defendant had paid about five thousand dollars, the plaintiffs obtained an order of seizure and sale against the property, for two thousand eight hundred and seventeen dollars then due, with cost of three protests and copies of the act; and also for eight hundred and thirty-three dollars thirty-three and one-third cents, the amount of a note due the 19th February, 1838, and for four thousand and eighty-three dollars thirty-three and one-third cents, due on note of 22d February, 1836, assumed, but not paid at maturity : an extension of time was given, until the 7th February, 1838; and also for the other notes assumed, when they become due.

An injunction was granted, stopping the sale under this seizure the 21st May following, on the alleged grounds, that no notice was given ; that it was an *alias* order, under which the plaintiffs were proceeding ; that there was no authentic act to support the order ; and that no legal notice had been

published, nor any inventory and appraisement made of the property. This injunction was dissolved, on a rule taken by the present plaintiffs the 16th June following. The party appealed, but afterwards abandoned it.

The plaintiffs in the seizure obtained a certificate from the clerk of this court, showing, that the appeal from the judgment dissolving the injunction had not been prosecuted, and on this showing took out a *pluries* order of seizure and sale, and were proceeding to seize and sell the mortgaged property, when they were stopped by a second injunction.

On the 8th May, 1839, there was judgment, discharging a rule taken by the plaintiffs in the seizure, to set aside and dissolve the injunction ; but it *set aside the pluries order of seizure*, reserving to the plaintiffs therein the right of applying for another *pluries* order of seizure and sale in due course of law.

On the 6th June, 1839, the plaintiffs filed a supplemental petition, praying for an order of seizure and sale for a different amount, on other terms than the first, alleging that all the notes and payments were due, and that the property be sold for cash. The whole amount claimed was twelve thousand six hundred and fifty dollars, with interest and costs.

The defendant made an unsuccessful effort to set aside this new order, by a rule taken on the adverse party, on the following grounds:

1. That the supplemental petition altered the substance of the plaintiffs' original demand.

2. That no supplemental petition is admissible in the *via executiva*.

3. The supplemental petition was filed, and the order granted thereon, while the injunction was still pending and in force.

4. That the defences of payment and compensation made against the first writ and order, still exist against the second.

5. That if the injunction was dissolved by the judgment, then it was necessary to give the defendant notice of the judgment before proceeding to the execution of the same. *Code of Practice*, 624

6. The filing of the petition and granting the order were contrary to law, and not warranted by the evidence adduced.

The rule taken to set aside the new order was discharged, and an appeal prayed and granted to the defendant. A rule was also taken to set aside the appeal, which was dismissed.

*Roselius,* for the plaintiffs, urged the affirmance of the judgment.

*Micou,* contra, insisted that, for the reasons and grounds set forth, the order of seizure should be set aside.

2. The notes and sums claimed in the supplemental petition are not the original ones on which the mortgage rested, and consequently there was no authentic evidence to support the executory proceeding.

*Martin, J.,* delivered the opinion of the court.

This case comes before us on two appeals taken by the defendant. The first is from the dissolution of an injunction, staying proceedings on an order of seizure and sale ; the second is from the refusal of the judge to set aside a supplemental petition, and a new order of seizure and sale obtained thereon.

1. The injunction was dissolved on account of the insufficiency of the oath on which it was granted, the parish judge being of opinion that it was not conformable to article 304, of the Code of Practice. In this opinion we concur, and support the judgment.

2. The appellant complains that the supplemental petition, and the new order of seizure and sale which issued thereon, was improperly allowed and granted, and ought not to be sustained :

1st. Because it alters the substance of the plaintiffs' demand.

2d. That it was not admissible, in praying for summary process.

3d. The new order of seizure and sale was granted in violation of the injunction previously obtained.

4th. That the defence set up against the first order of seizure and sale remains in full force against the second.

5th. The judgment dissolving the injunction is not executory, no notice of it having been served on the defendant.

6th. The order allowing the supplemental petition to be filed, and granting the new order of seizure and sale, was illegal, being contrary to law and the evidence.

It is a sufficient answer to all these grounds of defence to say, that, in our opinion, the supplemental petition does not alter the plaintiff's demand, but is a continuation of it, embracing instalments of the debt claimed in the original petition, which have become due since it was filed; that the injunction has been dissolved, and all the matters set up as a defence to the first order of seizure and sale having been held unavailable and insufficient, they cannot be opposed to the second or present one.

It is, therefore, ordered, adjudged and decreed, that both judgments of the Parish Court be affirmed, with costs.

EASTERN DIST.
*March*, 1840.

A supplemental petition, praying for a new order of seizure and sale, *is admissible*, if it do not alter the plaintiff's original demand, but is only a continuation of it, embracing instalments not due when the first was filed.