Case 2.
1r 275
46 1358

1r 275
51 129

JOACHIM KOHN, Syndic, and others *v.* JOHN C. WAGNER
and another.

The syndic of the creditors of an insolvent cannot appeal from a judgment, establishing the privileges of the creditors with regard to each other. The estate is not aggrieved by such a judgment; it affects only the individual rights of the creditors.

After issue joined, suitors are presumed to be always in court, attending to their business, either in person or by their counsel, and are consequently bound to notice the steps taken in their cases.

THIS action was instituted before the District Court of the First District, *Buchanan,* J., by 'Joachim Kohn, syndic of Louis Bouligny,' Mary Hampton, and others, against the defendants. The petition of appeal and the appeal bond are in the name of 'Joachim Kohn as syndic of the creditors of Louis Bouligny.'

*McHenry,* for the defendants. No counsel appeared for the appellant.

MORPHY, J. J. C. Wagner & Co., judgment creditors of the insolvent, made opposition to the tableau of distribution filed by the syndic, claiming to be paid in preference to Wade Hampton, the succession of D. Bouligny, Samuel Kohn, and L. Millaudon, who were therein set down as creditors by special mortgages. This

opposition was sustained by the judge, no evidence whatever having been adduced, although called for by the opponents, in relation to the mortgages of these persons. The present action was then brought by the syndic, and those mortgage creditors, to annul the judgment sustaining the opposition. They allege that the opposition of J. C. Wagner & Co. should have been served upon them, but that in fact it never was so served; that Wade Hampton was dead previous to the filing of said opposition, and that consequently his heirs should have been made parties, which was not done; and that in the absence of all parties concerned, a judgment was rendered in favor of the opposing creditors, which they pray may be annulled. J. C. Wagner & Co. pleaded the general issue, and prayed for a trial by jury. The plaintiffs having failed to make any proof in support of their action, a judgment of non-suit was pronounced, from which J. Kohn alone, in his capacity of syndic, has thought proper to appeal. The creditors, whose mortgages were postponed to that of the appellees, and who were plaintiffs in this suit, having acquiesced in the judgment of the inferior court by not appealing from it, the right of the syndic to prosecute this appeal may well be questioned. The estate which he represents is not aggrieved by the judgment appealed from; it affects only the individual rights of those creditors whose place on the tableau was disputed, and it must be a matter of complete indifference to the syndic, whose mortgage, among different creditors opposed to each other, is declared to have the preference. In conflicts of this kind, the syndic *is* without interest, and should not interfere, especially when, as in the present case, there is nothing coming to the ordinary creditors. But as this syndic is himself one of the creditors whose mortgage *is* affected, he may perhaps be considered as litigating before this court in his own right, although in strictness he should have expressly averred his intention to do so.

The only point made by the appellant, is that the case should be remanded, because it had been improperly set for trial on the court docket, when a jury had been called for by the defendants. The record shows that the case came on for trial before the court, on the 21st of April, 1840, that it was tried *ex parte*, and that the judge took it that day under consideration; that on the 18th of

May, the parties, by their counsel, waived the trial by jury; and that the judgment of the court was pronounced on the 3d of June following, and an appeal taken on the 20th of the same month. No effort appears to have been made below to obtain a new trial, on the ground of any error or surprise, or of the *ex parte* hearing of the cause. We are not to believe that the consent to waive the jury, was entered into in entire ignorance of the proceedings had in the matter up to that time. Suitors are bound to notice the steps taken in their causes, as after issue joined they are presumed to be always in court attending to their business, either in person or through their counsel. In the absence of any affidavit to the contrary, this waiver of the jury appears to us to have been intended to cure the irregularity with which the case had been set for trial, the plaintiff being willing to take his chance before the court, who had the case under advisement, rather than undergo the delay which must have attended the reinstatement of the case on the jury docket, where it had been placed at the prayer of the defendants.

*Judgment affirmed.*