## HORTMAN-SALMEN CO., INC., v. HIGH-GRADE REALTY CO.

---

(March 10, 1930. Opinion and Decree.)

---

Edrington & Carmouche and D. Thomas Salsiccia, of New Orleans, attorneys for plaintiff, appellant.

John E. Jackson and Baldwin J. Allen, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. . Plaintiff sues defendant for the sum of $521.26 alleged to be the balance due on an open account for building material and supplies furnished. De-fendant answered denying liability and averring that on October 26, 1926, defendant and plaintiff entered into an agreement whereby plaintiff agreed to sell and respondent agreed to buy certain building material to be used in the erection of a building; that the estimated cost of the material for the construction of the building was $2,469; that it was also agreed that any material ordered and not used would be credited in respondent's favor; that the building was constructed, and, when it was completed, respondent sold the building and lots upon which it was situated to one J. Robin; that the plaintiff·was notified to present all of its bills covering material used in the construction of the building, in order that they might be paid at the passing of the act of sale; that on February 9, 1927, the act of sale was passed before a notary in authentic form; that the duly authorized representative of the plaintiff was present at the passing of the act of sale and presented claims against the building for material furnished, amounting to the aggregate sum of $2,125.61, which was then and there paid; that the said representative issued a receipt in full for the material furnished and granted a full acquittance and discharge from all responsibility whatsoever, releasing plaintiff's materialmen's lien against the property recorded in the mortgage office in the sum of $2,469.10.

On the day of the trial, respondent presented a supplemental and amended ·answer setting up a plea of estoppel on the ground that, the representative of the plaintiff having presented a bill for $2,125.61 covering all material which went into the building, and having. accepted payment of that amount in full settlement of its claim, and having canceled the materialmen's lien the plaintiff is estopped from claiming from

the defendant the additional sum of $521.26, as respondent's position has been changed to its prejudice through the negligence and carelessness of the plaintiff in permitting respondent to transfer the property to Robin free of all incumbrances, and that any loss sustained as a result of the negligence of the plaintiff should be borne by it.

On the merits, there was judgment in favor of the defendant dismissing the suit on the plea of estoppel, and plaintiff has appealed.

Plaintiff contends that the judge of the lower court erred in permitting the supplemental answer to be filed after issue was joined and thereby change the issue presented by the original answer, i. e., payment. It is argued that the original answer sets up a plea of payment, and the plea of estoppel is inconsistent and contrary to the plea of payment and therefore changes the issue.

The allegations contained in the original answer cannot be construed solely and only as a plea of payment. The allegations merely set up certain facts from which any legal conclusion can be drawn which they would justify, i. e., plea of payment or estoppel. While the allegations of the original answer were general and should have been more specific, nevertheless we are of the opinion that they were sufficient to allow the introduction of evidence to show an estoppel. There is nothing inconsistent between the allegations of the supplemental answer and the original answer except that the words "specially pleas estoppel" are used. The supplemental answer simply clarifies the more general allegations which were contained in the original answer with reference to this defense. We do not find that the trial court abused its discretion in permitting the

amendment. C. P. arts. 419, 420; Terrell vs. Boarman, 34 La. Ann. 303; Smith v. Harrell, 16 La. Ann. 190; Mader v. Fox, 15 La. 132.

On the merits, the record shows that the respondent was engaged in the development of a subdivision in Fairmount Drive. In order to sell two lots to Mr. Robin, it was agreed that respondent would erect a residence on the property suitable to the wishes of Mr. Robin. A bond for deed was drawn up and signed by the parties. An agreement was then entered into between the plaintiff and the defendant in which the plaintiff undertook to furnish the necessary building material and defendant obligated itself to purchase the material to be used in the erection of the building; the estimated cost of the material being $2,469.10. The plaintiff opened an account in the name of the High Grade Realty Company, Inc., defendant herein, and debited defendant's account in the sum of $521.26, the amount sued for. Plaintiff's bookkeeper also opened an account in the name of the contractor, J. W. Fatzer, which was debited in the sum of $2,125.61. At intervals of sixty and thirty days before the passing of the act of sale, defendant notified plaintiff to get all of its bills for material ready in order that they might be presented before the notary so that all bills for material used in the construction of the building would be paid.

On February 9, 1927, Robin as purchaser, defendant as seller, and plaintiff's representative as materialman, together with other parties who had claims, appeared before the notary in order that the bills would be paid and title passed. The plaintiff's representative, believing that the bill of $2,125.61 represented the full amount of its claim, presented the bill and accepted payment and gave a receipt in full and

granted a release of the materialman's lien recorded in the mortgage office. The title was passed, giving Robin title free of all incumbrances.

About four weeks later, the plaintiff discovered the error, and sent a bill for the sum of $521.26 to the defendant, which refused to pay it. This suit resulted. The record convinces us that the defendant made no profit out of the erection of the building, but simply handled the construction of the building in order to sell the lots to Robin. The evidence further convinces us that, at the time of the passing of the act of sale, the defendant did not notice that the representative of plaintiff had made an error, and that all parties were in good faith.

Under these circumstances, the result of plaintiff's error or careless and negligent act has placed the defendant in the position where it has lost the security which it had for its claim for the total cost of the construction of the building against Robin. Up to the time of the passing of the act of sale, defendant was the owner of the property, but, when the act of sale was passed giving Robin a free and unincumbered title, automatically defendant was divested of this security. Defendant has certainly, therefore, been prejudiced by the mistake of the plaintiff, and to permit the plaintiff at this time to recover against the defendant would be placing the loss upon the defendant as a result of plaintiff's negligent act.

The trial court, in the reason for judgment, said:

"The plea of estoppel, in my opinion, is good, because it was the laches, the carelessness or the negligence of the plaintiff, which caused the failure to have this $521.00 included in the purchase price, and therefore, I think they are estopped to claim it. But there is another maxim of law, which in my opinion, carries the case with the defendant and that is the maxim that where of two innocent parties, one must suffer a loss, he through whose fault the loss occurred must bear it. For these reasons let the plaintiff's suit be dismissed at its cost."

We believe this is a correct statement of the law, and therefore the judgment is affirmed.