### SMITH v. MEYER et al.

#### No. 3947.

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

For former opinion, see 138 So. 137.

Cook & Cook and C. D. Egan, all of Shreveport, for appellants.

Melvin F. Johnson, of Shreveport, for appellee.

STEPHENS, J.

In our original opinion we held that, on confirmation of default, evidence may have been introduced without objection which enlarged the pleadings; and that, as such evidence did not appear in the record, we were not in a position to determine to what extent it supplied the defects in the pleadings at which the exception of no cause of action was leveled.

After further consideration, we have concluded that we were in error in so holding. Pleadings are not enlarged by the introduction of proof, unobjected to, on confirmation of default. The well-established rule that evidence which is unobjected to enlarges the pleadings (a dangerous rule for the unwary) is founded on the presumption that, if a party litigant sits silent, when proof beyond the pleadings is sought to be introduced, he acquiesces in, and consents to, its introduction, and in effect admits its relevancy to some issue of the case, even though not pleaded. If the defendant was not present or was not legally presumed to be present at the proceeding to confirm a default in which evidence ex petitionem was offered by the plaintiff, the rule, if we have correctly stated the reason for its existence, could not operate against him. If the law permitted a plaintiff to establish by proof on confirmation of default a cause of action other than that stated in the petition served on the defendant, grave injustice might be done. It may well be conceived that, while the defendant would admit the justice of the plaintiff's demand, as set forth in the petition, he would resist any enlargement of the pleadings or deviation therefrom. Clearly, if the rule, that evidence unobjected to enlarges the pleadings, be applied to suits confirmed on default, it would be necessary, in order to safeguard his interest, that a defendant in every instance appear and defend the action. This, of course, is not contemplated by law. Article 360 of the Code of Practice reads as follows: "When the defendant suffers judgment by default to be taken against him, the issue is joined tacitly; because such defendant is presumed by his silence to have confessed the justice of his adversary's demand; therefore the plaintiff is allowed to proceed with his proofs, in order to have the judgment confirmed."

It will be noted that the defendant, who permits a judgment by default to be rendered against him, confesses the justice of his adversary's demand; which means, of course, the demand as set forth in writing which the law requires to be served upon him; and not an enlarged, amended, or different demand.

The question is not a new one in this state. The distinction between the effect of a rule of the character under discussion, upon a defendant who has joined issue by pleading, and a defendant who has tacitly joined issue by default, was clearly drawn in the early jurisprudence.

If a defendant joins issue by pleading, he is thereafter presumed to be present in court, though he may in fact be absent; but, if issue is joined by default, the defendant is not presumed to be, nor treated as present in court, nor does he waive any right by his absence which may have been inferred from his silence, if present. Kohn, Syndic, v. Wagner, 1 Rob. 275; Lockett v. Toby, 10 La. Ann. 713; Louisiana State Bank v. Senecal, 9 La. 226.

In the case last cited, the Supreme Court, speaking through Mr. Justice Martin, used the following language:

"This is an action against the endorser of a promissory note. The defendant failed to answer, and judgment by default was taken, which was made final without any defence being put in.

"The defendant having appealed from the final judgment, he seeks to reverse it in this court, and assigns, as an error apparent on the face of the record, that it is no where alleged that notice of protest was given to him.

"The counsel for the bank urges that notice may have been proved on the trial, and before obtaining final judgment. He further contends, that no defect of pleading can be assigned as error on the face of the record, which might be cured by legal evidence.

"This would be correct, if there had been a trial on an issue made up by filing an an-

swer, for then the consent of the party might be inferred, from the want of objection being made to the omission or defect. But, in the absence of any defence, no evidence can be legally given of a fact not alleged in the petition."

In Craver v. Gillespie, 148 La. 182, 86 So. 730, 731, the Supreme Court, citing Louisiana State Bank v. Senecal, and Lockett v. Toby, supra, said: "The evidence taken in proving up the default could not have the effect of enlarging the pleadings, because defendant was not present consenting thereto."

We must therefore conclude that the pleadings in this case were not enlarged by the introduction of proof; and that the facts to be considered in testing the merits of the exception of no cause of action are limited to the averments of plaintiff's petition.

The only reference to the defendant Meyer (who filed the exception of no cause of action) in plaintiff's petition is found in articles 8, 9, and 10 thereof. We quote those articles in full:

"That one Marks Meyer a resident of Shreveport, Caddo Parish, Louisiana, is now the holder of said notes and said Meyer refuses to allow the credits above set forth against the balance of said notes.

"Petitioner is informed and believes and therefore alleges that Ed Green and E. D. Green Realty Company, Inc., were the agents authorized to receive collections on said notes by the holder, Marks Meyer; that said Meyer has had numerous transactions with said Green over many years and said Green has often acted as the agent of said Meyer.

"That she is informed and believes and therefore alleges that Marks Meyer, co-defendant herein, did not advise petitioner that he was the holder of said notes until just recently and he knew or should have known of the fraud which had been practiced by his co-defendants in obtaining the notes from petitioner, that he acquired said notes under suspicious circumstances and that he knew or should have known that his co-defendants were regularly accepting payments of said notes from petitioner."

The notes in question were executed on June 28, 1929, and became due one, two, and three years after date. This suit was instituted on June 27, 1930, and it is alleged in the petition that Meyer was the holder of the notes. Therefore, though it is not alleged as to when Meyer became the holder of the notes, it is certain that he acquired the notes before maturity; and it is presumed that he acquired them for value and without notice of any infirmity in the instruments. It is not alleged that Meyer had knowledge of the defect in the instruments prior to his acquiring them, and, if he learned of the defect subsequent to his acquisition, it would not affect their negotiable character.

It is not a sufficient allegation of knowledge of the infirmity of an instrument to state that it was acquired under suspicious circumstances. Suspicion entertained that something may be wrong with the instrument does not constitute bad faith on the part of the purchaser.

We must conclude that Meyer was a holder of the notes in due course for value received and before maturity, and that his title in such capacity is not successfully attacked by the allegations of the petition.

The remaining question presented by the exception of no cause of action is whether the allegations of the quoted articles of the petition state a cause of action for the allowance of a credit as against Meyer of the sum alleged to have been paid E. D. Green and E. D. Green Realty Company on the notes by the plaintiff.

In article VI of the petition it is alleged that $80 was paid to E. D. Green and E. D. Green Realty Company, Inc., which was to be applied as a credit on the mortgage notes in question.

In the articles which we have quoted, it is alleged that E. D. Green and E. D. Green Realty Company, Inc., were the authorized agents of Meyer to receive collections on the notes. The allegations, we think, are not sufficiently specific to state a basis for the allowance of the credit. It is not alleged when Meyer acquired the notes; nor when the $80 was paid; nor when Meyer authorized E. D. Green and the E. D. Green Realty Company, Inc., to receive collections on the notes (all of which were unmatured and uncollectible).

The plaintiff alleges that E. D. Green and E. D. Green Realty Company, Inc., practiced a fraud and imposition upon her in inducing her to sign the notes and mortgage, and in not disbursing the proceeds in accordance with her instructions; but it is nowhere alleged that Meyer was a party to the fraud or that he knew, before acquiring the notes, of the perpetration of the fraud.

The exception of no cause of action should be sustained.

For the reasons assigned, it is ordered, adjudged, and decreed that, in so far as our original decree sustained the ruling of the district judge on the motion for a new trial and overruled plaintiff's motion to dismiss the appeal, it is reinstated and made final. It is further ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment sustaining the exception of no cause of action, and dismissing plaintiff's demand as against Marks Meyer, defendant and appellant, as of nonsuit.