## WILSON & GANDY, Inc., v. CUMMINGS et ux.

### No. 4599.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1933.

T. Overton Brooks, of Shreveport, for appellant.

Wallace & Hardeman, of Benton, for appellee.

TALIAFERRO, Judge.

Plaintiff sued J. L. Cummings and wife on open account for groceries and other merchandise presumably for the use of their household. Cummings made a surrender in bankruptcy and no further action was taken against him. Mrs. Cummings did not answer. Judgment by default was entered against her and was in due course confirmed. She prosecutes appeal therefrom.

There is no note of evidence in the record. No statement of facts from the trial court was secured before taking appeal. The judgment is for the amount of the account sued on and contains the customary declaration that due proof was adduced in support of plaintiff's demand, and that "the law and evidence" was in favor of the judgment rendered.

It is alleged in the petition that plaintiff sold and delivered to the defendants the goods and merchandise charged on the itemized account attached to and made part thereof. However, the account is charged to J. L. Cummings only. That the account sued on is a community obligation, and that the community of acquêts and gains existed between these defendants, is conceded by both sides in briefs. Anyway, the legal community between married persons is always presumed. Civ. Code, art. 2399.

It is reasonable to assume that as plaintiff seeks to hold Mrs. Cummings personally responsible for the account because, as alleged, the goods and merchandise charged therein were sold jointly to her and her husband, that the account was the only evidence introduced to support plaintiff's demand.

The questions, therefore, arise:

(1) May a wife be held responsible for the debts of the community even if she has bound herself therefor? And,

(2) If she can so bind herself, are the allegations of plaintiff's petition sufficiently definite to admit testimony to establish the facts necessary to adjudge Mrs. Cummings liable for the account sued on?

■ Prior to the adoption of Act No. 94 of 1916, the wife's inability to bind herself for the debts of her husband and of the community of acquêts and gains between them was complete. This act to a great extent removed the ban against her freedom to contract and obligate herself. The scope of the act in some respects was enlarged by the amendment of 1918 (Act No. 244). Then came Act No. 132 of 1926 and Act No. 283 of 1928, to emancipate married women from all the disabilities and to relieve them from all the incapacities to which, as such, they were subject. Under the provisions of these two acts, a married woman may bind herself for her husband's debt, and, it was held in Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556, that by implication, this law invested her with the right to bind herself for a community debt, which, primarily, is an obligation of the husband.

■ In view of the recent expressions of the legislative will, and the holding of the court in the case cited above, it appears clear that Mrs. Cummings could have validly bound herself for the payment of the account due plaintiff. Whether she has done so, and whether the record, even by implication, discloses that she has done so, are different questions. To justify us in holding that Mrs. Cummings agreed to bind herself personally, and her separate estate, if any she has, for the payment of this community obligation, the proof of her intention and purpose to do so should be clear and convincing.

■■ Plaintiff relies upon the presumption that evidence to support and justify the lower court's judgment must have been offered and received when the case was tried. This presumption is well recognized and has been applied in many cases, but it finds no application in a case proved up on default, when it is not shown that defendant was present at the trial, and where such evidence, if received, would have the effect of enlarging and broadening the pleadings. In such a case, the evidence introduced must be admissible under the allegations of the petition.

We recently had occasion to consider the question under discussion in Smith v. Meyer, 142 So. 297, 298, and there said: "If a defendant joins issue by pleading, he is thereafter presumed to be present in court, though he may in fact be absent; but, if issue is joined by default, the defendant is not presumed to be, nor treated as present in court, nor does he waive any right by his absence which may have been inferred from his silence, if present. Kohn, Syndic v. Wagner, 1 Rob. 275; Lockett v. Toby, 10 La. Ann. 713; Louisiana State Bank v. Senecal, 9 La. 226."

And in Craver v. Gillespie, 148 La. 182, 86 So. 730, 731, the Supreme Court, after citing other cases holding to the same effect, said: "The evidence taken in proving up the default could not have the effect of enlarging the pleadings, because defendant was not present consenting thereto."

In Woodall v. Louisville Ry. & Nav. Co., 149 La. 903, 90 So. 238, the court reaffirmed the doctrine announced in earlier cases, and in Simon v. Duet, 177 La. 337, 148 So. 250, the point is discussed at length by Judge Odom and the jurisprudence of the state is fully reviewed.

Applying the principle enunciated in the cited cases to the one at bar, Mrs. Cummings, being sued on an account, a community obligation charged to her husband only, knowing that she was not primarily responsible for its payment, and further knowing, we assume, that she had not bound or committed herself to its payment, and no allegations being made that she had done so, had the right to rely upon the law applicable to such a situation, to the effect that no evidence could or would be introduced, not admissible under the pleadings, that would have the effect of rendering her responsible for the account.

■ In the instant case, we have the wife sued jointly with the husband on the ground that the goods and merchandise charged to the husband were sold to both of them. There is no allegation whatever that the wife expressly agreed to pay the account in whole or part, or intended to bind herself personally, or her estate, therefor. The fact that the entire account was charged to the husband argues strongly that even though the purchases appearing therein, in whole or part, were made by the wife, plaintiff looked only to the husband for payment thereof. And the account, thus charged, as evidence of a liability, could not be admitted as proof against the wife. If it were so admitted and weighed against her, such was improperly done. It was not admissible under the allegations of the petition, so far as Mrs. Cummings was concerned.

■ There is an insurmountable legal obstacle that blocks the possibility of plaintiff holding Mrs. Cummings responsible for the account in question. It is admittedly a com-

munity obligation for which Mr. Cummings is primarily responsible. If Mrs. Cummings undertook to bind herself for its payment, it being the obligation of a third party, she could only do so in writing, as required by article 2278 of the Civil Code.

The judgment of the lower court is annulled, reversed, and set aside; the suit of plaintiff dismissed and their demand rejected, with costs.