**W. T. RAWLEIGH CO. v. COPELAND et al.**

**No. 5288.**

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

F. A. Blanchard, of Shreveport, for appellant.

John T. Carpenter, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit in the city court of Shreveport to recover the sum of $326.67, plus interest at a legal rate from November 1, 1933, until paid. For a cause of action it alleged that S. E. Copeland was indebted unto it in the above-stated amount on an open account consisting of various articles of merchandise sold to him between January 17, 1933, and October 20, 1933.

It further alleged that:

"III. In order to induce plaintiff herein to extend credit to S. E. Copeland, S. E. Copeland obtained the signatures of C. O. Brocato, T. A. Brusch and W. H. Brauer on the contract that is attached hereto and made a part hereof, by the terms of which C. O. Brocato, T. A. Brusch and W. H. Brauer guaranteed, in solido, with S. E. Copeland to pay for any and all merchandise sold by plaintiff to S. E. Copeland.

"IV. That plaintiff has complied with all of the provisions of the contract, which is attached hereto, and in spite of amicable demand thereon, the above account is still due and owing by S. E. Copeland, and the other defendants herein, by reason of the obligations contained in the contract attached hereto."

It prayed for service and citation and for judgment against the purchaser and his sureties, in solido. Attached to the petition is a statement showing the dates of purchase and the amounts, together with the payments made thereon. There is also attached what is purported to be the contract of suretyship alleged on in the petition. It is a printed contract, with the names of Copeland and the three alleged sureties signed on a typewriter. The signatures of none of them are shown at any place on said purported contract, and there is nothing on said document to indicate that it is a copy of an original. There was no service made on Copeland, the buyer, but service was had on the three alleged sureties.

252

Brusch and Brauer filed answers in which they denied they were indebted to plaintiff in any amount, and specifically denied each and every article of plaintiff's petition. Brocato did not answer the suit, and on March 18, 1935, judgment was rendered against him by default for the full amount claimed. The record fails to disclose that any further action was ever taken as to the other defendants.

On March 30, 1936, Brocato appeared by counsel and filed a motion to reopen the case, the motion being as follows:

"That he was duly cited herein and on the day and time he appeared in court to answer the demands of plaintiff.

"That he remained in court during the forenoon and the afternoon of said day, in compliance with the orders of said court.

"He shows that the case was not called and that he was not given the opportunity to deny or disprove the claim herein, and that thereafter on March 18th, 1936, without default or notice to your defendant, judgment was rendered herein as prayed for.

"Defendant shows that the contract herein sued on was not signed by him, nor was same signed with his knowledge or consent.

"Defendant further shows that he is not obligated or indebted unto the plaintiff in any sum whatsoever.

"Defendant shows that the judgment herein rendered is illegal, null and void, and should be set aside, the case reopened, and a trial had according to law.

"Wherefore, defendant prays that this motion be filed and allowed, and that after hearing the judgment herein rendered on the 18th day of March, 1936, be set aside, and that a new trial be had and the case reopened."

The motion was overruled, and Brocato has perfected an appeal to this court.

■ It is a settled rule of law that when a suit is proved up and judgment secured by default, the pleadings cannot be enlarged by the introduction of testimony which would not be admissible under the pleadings. Smith v. Meyer (La.App.) 142 So. 297.

■ The petition in this case clearly discloses that the suit was based upon a written contract, which contract is alleged to have been attached to the petition. The document attached to the petition is not a contract between plaintiff and defendant and does not disclose that it is even a copy of a contract. On this document, which is the basis of the judgment, no valid judgment could be rendered. If plaintiff had a valid, written contract, binding on defendant, it was necessary that same be offered and filed in evidence and would, therefore, become a part of the record. The certificate of the clerk of court is that the transcript before us contains the correct proceedings had in this cause, and, since there is nothing in the record to show the filing or offering of the written contract sued upon, and, to the contrary, the record does disclose that the document purported to be a contract, which is in the record, is that which was relied upon by plaintiff to secure judgment.

Under this finding, we are forced to the opinion that there was not sufficient evidence upon which to render judgment against defendant. A different situation would be presented if the suit was not based on a written contract. We could then assume there was sufficient oral evidence offered below to justify the judgment, as we have often held. However, in this case oral testimony alone could not justify the judgment.

The proper judgment in this case is to reverse the judgment of the lower court and dismiss the demands of plaintiff, as of nonsuit. It is so ordered; costs of court to be paid by appellee and appellant.