**HARDEE v. MATTHEWS et al.**

No. 5280.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

L. E. Colvin, of Mansfield, for appellant.
J. S. Pickett, of Many, for appellee.

DREW, Judge.

Plaintiff instituted this suit praying for judgment in the amount of $483.17, with interest and attorney's fees, less certain credits. The suit is based on two promissory notes signed by D. C. Matthews, now deceased. Plaintiff made defendants in the suit Mrs. D. C. Matthews, widow of D. C. Matthews, and their six children, alleged to be heirs at law.

There was no answer filed by any of the defendants, and judgment was obtained by default on December 19, 1935, against all defendants in solido for the amount prayed for.

On March 16, 1936, Aaron Matthews, one of the defendants, was granted a devolutive appeal to this court, which appeal he is now prosecuting. Appellant has filed here an exception of no cause of action, based upon the proposition that the petition does not set forth any facts showing that appellant had accepted the succession of his deceased father, thereby making him liable for his father's debts.

The only allegation in the petition touching on the acceptance of the succession by the appellant is that he was an heir at law of D. C. Matthews and "that the widow and heirs have in effect accepted the succession of the said D. C. Matthews; and they thereby assume the payment of the debt due by said succession of the said D. C. Matthews."

Appellant's contention is that the above-quoted allegation of the petition is a mere conclusion and does not set forth any facts upon which to base a conclusion, and that under said allegation no evidence was admissible to prove the acceptance of the succession.

The contention of appellant is sound. Well-pleaded facts and not conclusions are necessary to state a cause of action. The plaintiff does not allege that appellant had accepted the succession, but that he had in effect accepted it. It is clear, from this allegation, that plaintiff was basing his conclusion upon a certain state of facts which are not disclosed by the petition. His conclusion might be entirely different from that arrived at by the court, had the facts been stated.

The acceptance of a succession is a question of fact, as is clearly disclosed by article 988 of the Revised Civil Code:

"*Express and implied acceptances.*—The simple acceptance may be either express or tacit.

"It is express, when the heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding.

"It is tacit, when some act is done by the heir, which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir."

There must be an intention to accept. Revised Civil Code, art. 989. And article 990 of the Revised Civil Code recites that "it is necessary that the intention should be united to the fact, or rather manifested by the fact, in order that the acceptance be inferred."

254

Having failed to allege any facts upon which his conclusion was based, plaintiff therefore has failed to state a cause of action. He contends, however, that it must be presumed that the lower court heard sufficient evidence of fact to find the succession had been accepted by appellant. As no testimony was admissible on this point under the pleadings, the pleadings could not be enlarged in confirming the judgment by default by making proof of facts not alleged. W. T. Rawleigh Company v. Copeland et al., 169 So. 251, decided by us this day.

In the case of Smith v. Meyer, 142 So. 297, 298, we said:

"If a defendant joins issue by pleading, he is thereafter presumed to be present in court, though he may in fact be absent; but, if issue is joined by default, the defendant is not presumed to be, nor treated as present in court, nor does he waive any right by his absence which may have been inferred from his silence, if present. Kohn, Syndic, v. Wagner, 1 Rob. 275; Lockett v. Toby, 10 La.Ann. 713; Louisiana State Bank v. Senecal, 9 La. [225] 226.

"In the case last cited, the Supreme Court, speaking through Mr. Justice Martin, used the following language:

" 'This is an action against the endorser of a promissory note. The defendant failed to answer, and judgment by default was taken, which was made final without any defence being put in.

" 'The defendant having appealed from the final judgment, he seeks to reverse it in this court, and assigns, as an error apparent on the face of the record, that it is no where alleged that notice of protest was given to him.

" 'The counsel for the bank urges that notice may have been proved on the trial, and before obtaining final judgment. He further contends, that no defect of pleading can be assigned as error on the face of the record, which might be cured by legal evidence.

" 'This would be correct, if there had been a trial on an issue made up by filing an answer, for then the consent of the party might be inferred, from the want of objection being made to the omission or defect. But, in the absence of any defence, no evidence can be legally given of a fact not alleged in the petition.'

"In Craver v. Gillespie, 148 La. 182, 86 So. 730, 731, the Supreme Court, citing Louisiana State Bank v. Senecal, and Lockett v. Toby, supra, said:

" 'The evidence taken in proving up the default could not have the effect of enlarging the pleadings, because defendant was not present consenting thereto.'

"We must therefore conclude that the pleadings in this case were not enlarged by the introduction of proof; and that the facts to be considered in testing the merits of the exception of no cause of action are limited to the averments of plaintiff's petition."

The other point raised in the case, that is, that the judgment is erroneous in that it was an in solido judgment and not one against appellant only for his virile share, is well taken and needs no discussion here, due to our finding on the question of no cause of action.

It therefore follows that the exception of no cause of action is sustained; the judgment of the lower court is reversed, and the demands of plaintiff against Aaron Matthews are rejected, at his costs.