GLADNEY, Judge.
The plaintiff, William N. Sollie, filed suit against the defendant, Henry F. Means, on June 16, 1951 and obtained a default judgment on November 5, 1951. From this judgment the defendant has perfected a devolutive and suspensive appeal and has filed in this Court an exception of no cause of action which raises the main issue herein involved.
In support of the exception it is argued that plaintiff’s petition contains only conclusions of fact insufficient to entitle plaintiff to judgment. We are in accord with the general rule cited that on confirmation of default the legal presumption is that only the well pleaded averments of fact may be presumed to have been proven in the lower court and that the facts to' be considered in testing the merits of the exception of no cause of action are limited to the averments of plaintiff’s petition. Craver v. Gillespie, 1920, 148 La. 182, 86 So. 730; Smith v. Meyer, La.App., 1932, 142 So. 297; W. T. Rawleigh v. Copeland, La.App., 1936, 169 So. 251; Hardee v. Matthews, La.App., 1936, 169 So. 252.
The legal doctrines thus set forth are, however, qualified by the provisions of Article 360 of the Code of Practice:
“When the defendant suffers judgment by default to be taken against him, the issue is joined tacitly; because such defendant is presumed by his silence to have confessed the justice of his adversary’s demand; therefore the plaintiff is allowed to proceed with his proofs, in order to have the judgment confirmed.”
We agree also, that the mere conclusion of a pleader unsupported by facts does not set forth a cause of action. Latham v. Latham, 1950, 216 La. 791, 44 So.2d 870; In re Phoenix Building & Homestead Association, 1943, 203 La. 565, 14 So.2d 447.
The exception of no cause of action when properly designated as such falls within the classification of a peremptory exception and tends to the dismissal of the suit. Peremptory exceptions are divided and defined by the Code of Practice :
C.P. art. 344:
“Peremptory exceptions relating to forms, are those which tend to have the cause dismissed, owing to some nullities in the proceedings.
“Such exceptions must be pleaded in limine litis, that is to, say, at the beginning of the suit, and before answering to the merits.
*288 “After the defendant has pleaded to the merits, such exceptions shall not be heard; all nullities are cured.”
■C.P. art. 345:
“Peremptory exceptions, founded on law, are those which, without going' into the merits of the cause, show that the plaintiff can not maintain his action, either because it is prescribed or because the cause of action has been destroyed or extinguished.”
It is clear that the mandate contained in Article-344, C.P. requires an exception of no cause of action relating to the form of the petition to be pleaded in limine litis, and before answering to the merits. A peremptory exception founded on law may be pleaded in every stage of the action, previous to the definitive judgment. Art. 346, C.P.
To determine if the petition states a cause of action the petition in its entirety is subject to appraisal. In the instant case it sets out:
“1.
“The defendant, Henry F. Means, a resident of DeSoto Parish, Louisiana, entered into a contract of employment with your, petitioner on or about February the 28th, 1951.
“2.
“Under this contract, your petitioner was to locate a buyer for certain land owned by the defendant herein for a stipulated fee of $360.00.
“3.
“Your petitioner has performed his part of the contract, this having been accomplished on or about March the 22nd, 1951.
“4.
“The defendant herein now refuses to pay your petitioner for his services, despite amicable demand.
“Wherefore, your petitioner prays that the defendant be cited to appear and answer this petition, and after due proceedings, there be judgment herein in the sum of $360.00, plus legal interest from this day until paid.
“Your petitioner further prays for costs, general and equitable relief.”
The Pleading and Practice Act, Acts 1912, No. 157, as amended, LSA-R.S. 13:3601, provides:
"The plaintiff in his petition shall state his cause of action articulately, that is to say, he shall, so far as practicable, state each of the material facts upon which he bases his claim for relief in a separate paragraph, separately numbered. The petition shall be in all cases verified as hereinafter provided.”
 To conform thereto, a plaintiff is only required to set out in his petition the facts on which his cause of action is based in a clear and concise form, so as to give the defendant sufficient information to enable him to make his defense. Honeycutt v. Carver, La.App., 1946, 25 So.2d 99. Where there is a prayer for general relief a court of equity jurisdiction is authorized to render such judgment as justice of the law may require. Moore v. Vives, La.App., 1950, 49 So.2d 363.
In oral argument and brief it was contended that the following quoted words and phrases found in the petition are mere conclusions and may not be supported by evidence: “entered into a contract of employment”, “performed”, and “accomplished”. These terms, it is true, are conclusions and as such may be employed as a conclusion of issuable facts or law, or both, if such conclusions are considered apart from the context. Thus it would appear that the words “entered into a contract” without qualification would be but a conclusion of law, and the addition of the words “of employment” by restricting the term to a specific kind of contract turns the expression into a conclusion of fact, and we may add, one readily understandable when amplified by detailing facts as alleged in the petition. .Similarly, “performed” and “accomplished” when construed with other alleged facts are easily understood.
 The petition is in some respects vague in failing to declare if the contract was oral or in writing, in not identifying the property involved or the name of the buyer, and possibly it is defective in other respects. However, if this non-alleged information was essential to defendant prior *289 to asserting a defense, his remedy was by way of a plea of vagueness and not by a peremptory exception. It is well settled in our jurisprudence that the exception of no cause of action cannot fill the office of an exception or plea of vagueness, and that a vague, uncertain or indefinite petition is subject to a plea of vagueness and not to an exception of no cause of action. Pearce v. United States Fidelity & Guaranty Company, La.App., 1942, 8 So.2d 743; Brunson v. Mutual Life Insurance Company of New York, 1937 and 1938, 189 La. 743, 180 So. 506, modifying La.App., 180 So. 211; Moore v. Moore, 1939, 192 La. 289, 187 So. 670.
We are of the opinion that the petition can stand. It is brief, and certainly this should cause no complaint, since the injunction in pleading is to be concise. The petition is without some informative facts but is sufficient. We have .no difficulty in ascertaining from the petition that petitioner was to locate a buyer for certain land owned by the defendant for a stipulated fee of $360; that this he did, and the defendant would not pay him.
One reason behind Article 344, C.P. requiring peremptory exceptions' relating to form to be filed in limine is to afford a party who has an actionable case every opportunity to have his day in court. Where his attorney has understated his cause amendment should be permitted. In Drewett v. Carnahan, 186 La. 243, 172 So. 6, 7, Chief Justice O’Niell had this to say:
“As a rule, a judge ought to allow a plaintiff an opportunity to supplement his petition, and thus to avoid a dismissal of his suit, when the judge sustains an exception of no cause of action merely because of a failure of the plaintiff to make an allegation of fact which, though not alleged, may nevertheless be true. It was never the law that a petition which does not state a cause of action is no petition at all and hence cannot be supplemented or amended. It was so declared in the case of Tremont Lumber Company v. May, Assessor, 143 La. 389, 395, 78 So. 650, in the original opinion rendered in the case; but on rehearing it was held in that case that the petition did state a cause of action. The expression used in the original opinion in that case was repeated in West Orleans Beach Corporation v. Martinez, 180 La. 31, 156 So. 165; but that decision was overruled in Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488.”
In view of the reasons above stated the exception of no cause of action should be overruled, first, because the petition does state a sufficient cause of action, and second, since the exception before this Court is characterized as a peremptory exception relating to form, it was not timely filed.
Appellee has answered the appeal and has prayed that this Court allow an additional ten per cent (10%) damages for a frivolous appeal. In view of the fact that this appeal was well briefed and argued and presents a serious question of law, we do not believe it warrants imposition of the penalty allowed under Article 907 of the Code of Practice.
For the reasons assigned, the exception of no cause of action filed in this Court is hereby overruled and the judgment appealed from is affirmed at appellant’s cost.
KEÑNON, J., not participating.