PUTNAM, Judge ad hoc.
Plaintiff, Admiral Finance Co. No. 3, Inc., filed this suit in the City Court of the City of Baton Rouge, against William H. Mahoney and Jean Mahoney, alleging that these two defendants were indebted to it for the sum of $252.98, with interest thereon from December 1, 1957, and 20% attorney’s fees by virtue of a promissory note described in the petition as follows:
“2.
“That petitioner is the holder and owner, for value and before maturity, of an installment note, for value, executed by the defendants, in the above amount of Three Hundred and No/100 ($300.00) Dollars, dated August 28, 1957: That said note was executed in connection with an act of Chattel Mortgage of even date, which said Chattel Mortgage covers the property more fully shown by reference to the copy of said mortgage which is annexed hereto and made a part hereof as fully as though copied herein in extenso.
“3.
“That the said note dated August 28, 1957, stipulates for interest at the *252 rate of three and one-half (3i/£%) per cent per month on any part of the unpaid principal balance of the loan not exceeding One Hundred Fifty and No/100 ($150.00) Dollars, and two and one-half (2Yi%) per cent per month on any remainder of the unpaid principal balance, until twelve (12) months after date when final payment is due.
“4.
“That the said note further stipulates for attorney’s fees of twenty (20%) per cent on both principal and interest or a minimum of Fifteen and No/100 ($15.00) Dollars, whichever is greater, if placed in the hands of an attorney for collection.”
It is to be noted that the note was not attached to the petition at the time suit was filed, the only document alleged to be attached thereto being a copy of the act of chattel mortgage securing payment of the note declared upon.
Citation was issued addressed to William H. Mahoney, and the return of the constable recites that personal service of the petition was made upon “William H. Mahoney (William R. Mahoney),” on April I, 1959. On May 4, 1959, judgment by default was rendered against the defendant William H. Mahoney, which judgment contains the statement by the presiding judge that due proof was produced in support of plaintiff’s demands, and that the law and the evidence was in favor of plaintiff for the reasons orally assigned.
On August 13, 1959, a writ of fi. fa. was issued to the Sheriff of Orleans Parish, to seize property situated in said parish belonging to William H. Mahoney in satisfaction of this judgment, whereupon, on August 28, 1959, one William A. Mahoney filed a motion and obtained a rule against the plaintiff Admiral Finance Co. No. 3, Inc., to show cause why the writ of fiere facias should not be recalled, alleging that the note sued on was signed by William A. Mahoney, whereas judgment was rendered against William H. Mahoney, and that the estate of William A. Mahoney was then in the hands of a trustee in bankruptcy. After hearing, on October 26, 1959, the City Court rendered judgment dismissing the rule at mover’s costs. In this judgment, the defendant is again referred to as William H. Mahoney.
William A. Mahoney, alleging himself to-be a party aggrieved by the judgments in-question, appeals devolutively from the judgment of May 4, 1959, and the judgment dismissing his rule, dated October 26, 1959.
Appellant has filed an exception of no-right or cause of action in this Court, on several grounds, but because of the position taken by this Court in regard to the default judgment rendered on May 4, 1959, it is not necessary that we discuss them in detail here, or that we consider the appeal from the judgment dismissing Mahoney’s rule, rendered October 26, 1959.
There was, of course, no written note of evidence taken on the confirmation of this default, and there is no statement of fact in the record. The note which forms the basis of plaintiff’s suit appears in the record, in an envelope stapled to the last page of plaintiff’s petition, but bears no date of filing. The extracts of the minutes of the City Court do not inform us what evidence was received when the judgment was rendered, but we assume that the note in question was introduced and filed on that day, as it is not alleged to have been filed with the petition.
The general rule, well established in our jurisprudence, is that a default judgment rendered by a competent court is based upon sufficient evidence introduced in support of plaintiff’s demands. C. P. Arts. 312, 315, and 360. The cases are legion to this effect and require no citation. There is, however, an equally well-recognized exception to this rule, and that is that the evidence taken in confirming a default cannot have the effect of enlarging the pleadings, because the defendant is not present and does not consent thereto. Craver v. Gillespie, 148 La. 182, 86 So. 730; Smith v. Meyer, La.App., 142 So. 297; Wilson & Gandy v. Cummings, La.App., *253 150 So. 436; Hardee v. Matthews, La.App., 169 So. 252.
In the present case we are not informed by the record whether William H. Mahoney and William A. Mahoney are one and the same person, nor can we determine whether any proof of this fact was adduced in the lower court. But putting this consideration aside, from the allegations of plaintiff’s petition the defendant, whoever he was or may be, was informed that the suit was based upon a note executed by William H. Mahoney and Jean Mahoney, while the only note introduced in evidence on confirmation of default is one executed by William A. Mahoney. The reception of this document in evidence would have rendered necessary evidence and proof to establish the identity of the defendant, William H. Mahoney, and the maker of the note, William A. Mahoney, as being one and the same person, which evidence could not have been introduced under the pleadings, and would also have required evidence explaining why the note introduced differs from the note described in the petition in that Jean Mahoney is not one of the makers of this note as she is alleged to be, a further variance between the pleadings and the proof.
We do not feel, however, that plaintiff should be deprived of all opportunity to rectify the apparent deficiencies of its claims against Mahoney. Indeed, in the present state of this record it is not possible for this Court to make a definitive pronouncement on the rights of these parties. There is a further suggestion advanced by Ma-honey that this debt has been discharged in bankruptcy, and we note an additional allegation in plaintiff’s petition that the loan was secured by means of a fraudulent financial statement made by defendants, to negative a possible plea of discharge of bankruptcy, which lends credence to this suggestion. Accordingly, under the authority of Code of Practice, Article 906, Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711, and Item Co. Ltd. v. St. Tammany Hotel et al., La.App., 175 So. 421, and other cases, we feel that this case should be remanded for the reception of further proof.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby avoided, annulled, and reversed, and this case is remanded for trial and for the introduction of such legal evidence against the defendant William A. Mahoney or William H. Mahoney as plaintiff may choose to offer, with the right of this defendant to make such defense as may be legal and proper, costs to await the final judgment in the case.