AYRES, Judge.
In this action instituted November 9, 1966, plaintiff sought a judgment of separation from his wife, dissolution of the community estate, and the custody of a minor child, issue of plaintiff’s and defendant’s marriage. The basis for the action was cruel treatment and abandonment.
The defense urged in an answer filed November 21, 1966, was that plaintiff had forgiven and condoned defendant’s acts of indiscretion and a reconciliation had been effected. In reconvention, defendant charged plaintiff with abandonment and sought a judgment of separation in her favor, as well as a judgment for alimony, attorney’s fees, and a settlement of the community estate. In a subsequent pleading characterized as an amended and supplemental petition filed March 29, 1967, plaintiff charged defendant with adultery and sought a divorce, or, in the alternative, a separation from bed and board, as well as a dissolution of the community estate and permanent custody of their minor child.
On trial of a rule nisi therefor, April 5, 1967, plaintiff was awarded temporary custody of the minor.
Although personal service of the amended petition was had upon defendant on the day of its filing, she made no response and a default was entered April 19, 1967. The default was confirmed May 3, 1967, and, accordingly, plaintiff was granted' a divorce from defendant, the community estate was dissolved, and plaintiff was awarded the permanent custody of the minor. From the judgment thus rendered and signed, defendant prosecutes this appeal.
The bases of the defendant’s attack upon the judgment are that, first, reconciliation of the parties after the institution of the action abated and extinguished the cause of action set forth in plaintiff’s original petition ; second, if the supplemental petition be considered a new action, it neither discloses a cause of action, inasmuch as there are no allegations of a marriage between the parties or the birth of a child, nor does it allege any jurisdictional facts as there are no allegations of residence or domicile of either of the parties directly or by reference to the original petition; and, third, the case should have been assigned for trial with reference to the demands contained in the original petition, the allegations of which were denied by defendant’s answer, and trial had in connection with the confirmation of the default.
The confused state of the pleadings and the complexity of the procedure may be attributed, in the instant case, to an unwarranted attempt to engraft a new cause of action upon one abated and extinguished. The law is explicit that an action for separation or divorce is extinguished by reconciliation of the parties after the facts have occurred which have given rise to such action or after the action has commenced. In either case, both of the parties are precluded from bringing or maintaining an action on such prior causes. They are, however, relegated to a new action for causes arising after their reconciliation. LSA-C.C. Arts. 152, 153, and 154. In this regard it may be noted that plaintiff not only alleged but testified as to his and his wife’s reconcilia *100 tion following institution of the original action.
The original action having been extinguished, the only theory upon which a judgment of divorce would be proper would be to consider the supplemental petition as a new suit. But, as to the supplemental petition, it may be noted that, for the lack of essential allegations, it did not state or disclose a cause of action; no allegations were made concerning the marriage of the parties, nor did it allege the birth of a child or the residence or domicile of either of the parties; nor were such facts alleged by reference to the original petition.
Introduction of evidence upon confirmation of a default may not enlarge the pleadings to state a cause of action where none was alleged. The rule is well established in the jurisprudence of this State that when a judgment is rendered by default, the pleadings cannot be enlarged by the introduction of testimony which would not be admissible under the pleadings. W. T. Rawleigh Co. v. Copeland, 169 So. 251 (La.App., 2d Cir. 1936); Smith v. Meyer, 142 So. 297 (La.App., 2d Cir. 1932).
The fact of plaintiff’s and defendant’s marriage, the birth of a child, and their domicile not having been alleged, evidence thereof is inadmissible on confirmation of a default. Consequently the judgment as rendered was based on improperly received evidence.
Though the original and supplemental petitions, when considered together, supply the essential allegations to which we have referred and therefore may be said to set forth a cause of action, the judgment is nevertheless invalid. Defendant answered plaintiff’s original petition and reconvened for a judgment in her behalf. No answer was filed to the reconventional demand; nor was an answer filed to plaintiff’s supplemental petition. The judgment was grounded on the allegations of the supplemental petition and predicated upon the default entered with reference thereto. No action was or could have been taken on confirmation of the default as to the original petition after the answer filed thereto inasmuch as the cause of action set forth therein had not been assigned for trial.
 Partial trials and fragmentary adjudications are not sanctioned. Loew’s, Incorporated v. Don George, Incorporated, 227 La. 127, 78 So.2d 534 (1955); Jeansonne v. Willie, 188 So.2d 170 (La.App., 4th Cir. 1966). A case should be fully tried so that the court may pass on the matter as a whole; otherwise there may be as many judgments and likewise as many appeals as there are issues presented. In Loew’s, Incorporated v. Don George, Incorporated, supra, the Supreme Court reversed and remanded a case where the trial court had ruled on a reconventional demand only, without making an adjudication as to the principal demand. In Jeansonne v. Willie, supra, the court reversed the judgment and remanded the cause for trial where only a question of liability in a tort action was adjudicated.
In the instant case, plaintiff, without assigning the case for trial on the issues presented under his original petition and by defendant’s answer and reconventional demand, proceeded to confirm the default as to a portion of his demands. The demands set forth in plaintiff’s original petition and in defendant’s reconventional demand should not have been ignored, but all the issues in the case should have been tried and disposed of in one trial.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered that this cause be, and it is hereby, remanded to the Honorable First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views expressed herein and in accordance with the law.
The cost of this appeal is assessed against plaintiff-appellee. Taxation of all other costs is to await final judgment.
Reversed and remanded.