LOUISIANA STATE BANK *vs.* SENECAL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In taking judgment by default, and making it final in the absence of any
defence, on proving the plaintiff's demand, no evidence can be legally
given of a fact *not alleged.*

This is an action to recover from the defendant the sum of four thousand dollars, as endorser of A. L. Boimare, The plaintiff alleges, that the note was protested for want of payment when it became due, as may appear by the said note, and a certified copy of the *protest thereof annexed to this petition.* That the drawer, A. L. Boimare, has become insolvent, and made a surrender of his property to his creditors, and that the defendant, though often amicably requested, has refused to pay, &c.

There was no defence. Judgment was first taken by default, and then confirmed against the defendant for the sum claimed.

The court, in giving its reasons for the judgment, says, it is satisfied that the signature at the foot of the note sued, as well as the endorsement on it, are genuine, and that due notice of the protest of said note was given to the defendant, &c. The defendant appealed.

*Hennen,* for defendant, assigned for error apparent on the face of the record, that there was no allegation of notice of protest in the petition.

*Grima,* for the plaintiff, contended, that the appeal could not be maintained, because nothing which might have been cured by legal evidence in the court below, can be assigned as error, when the appeal comes up without the evidence. 12 *Martin,* 304. 1 *Martin N. S.,* 599. 2 *Ibid.,* 537. 2 *Ibid.,* 265. 6 *Ibid.,* 640. 2 *Louisiana Reports,* 225. 3 *Ibid.,* 489, 481.

29

EASTERN DIST.
*March*, 1836.

LA. STATE BANK
*vs.*
SENECAL.

2. If testimony be offered on a point not presented by the pleadings, and is not objected to, or approved, the parties will be bound by the effect of the testimony, and it will be considered that all objections are waived. 9 *Martin*, 317. 11 *Ibid.*, 26. 6 *Martin N. S.*, 86.

*Hennen*, for the defendant.

1. The present case differs from those cited by the plaintiff's counsel. This is a judgment by default, confirmed without appearance or defence, and there could be no consent to receive evidence on points not alleged in the petition. The cases cited were at issue, and the defects cured by waiving objections to them.

2. The certificate of the judge does not show that there was any evidence offered which could cure the defects in the pleadings, for want of an allegation of notice.

3. From the certificate of the judge, it does not appear what the testimony was. This certificate cannot be taken for a statement of facts, for it was made on the return of a *certiorari*, after the appeal was taken. The judgment must, therefore, be set aside.

*Martin, J.*, delivered the opinion of the court.

This is an action against the endorser of a promissory note. The defendant failed to answer, and judgment by default was taken, which was made final without any defence being put in.

The defendant having appealed from the final judgment, he seeks to reverse it in this court, and assigns, as an error apparent on the face of the record, that it is no where alleged that notice of protest was given to him.

*In taking judgment by default, and making it final in the absence of any defence, on proving the plaintiff's demand, no evidence can be legally given of a fact not alleged.*

The counsel for the bank urges that notice may have been proved on the trial, and before obtaining final judgment. He further contends, that no defect of pleading can be assigned as error on the face of the record, which might be cured by legal evidence.

This would be correct, if there had been a trial on an issue made up by filing an answer, for then the consent of the

party might be inferred, from the want of objection being made to the omission or defect. But, in the absence of any defence, no evidence can be legally given of a fact not alleged in the petition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that there be judgment for the defendant, as in case of a non-suit, with costs in both courts.