## MICHEL *v.* DOLLIOLE.

A promise to purchase an immovable or slave, not reduced to writing, and unaccompanied by delivery, is void. C. C. 2255, 2415, 2437.

APPEAL from the District Court of the First District, *Buchanan*, J.

*J. Morel*, for the plaintiff. *Duvigneaud* and *Dufour*, for the appellant.

The judgment of the court was pronounced by

ROST, J. The plaintiff seeks to recover from the defendant the sum of $550, under the following circumstances. The defendant is the sole testamentary executor, and the universal legatee, of the late *Joseph Prieto*, under a will which was probated on the 27th of February, 1838. One of the dispositions of that will is as follows :

" Je donne et légue une somme de $500, qui devra être employée par mon exécuteur testamentaire a obtenir la liberté de mon neveu *Louis*, fils de ma sœur *Madelon*."

The will further provides that this, and other sums bequeathed by the testator, for the purchase and emancipation of his slave relations, shall be placed at interest, to accumulate until the executor can succeed in accomplishing the object of the legacy. The plaintiff alleges that she is the owner of the slave *Louis*; that the defendant, in his capacity of executor, offered her for the slave the sum of $500, which she refused; and subsequently, after interest had accumulated on said sum, she agreed with the executor to let him have the slave for $550; that the executor, without any good cause, and to her great damage, as well as to the prejudice of the slave's legal rights, refused to comply with his agreement; whereupon she put him in default. She prays that the defendant, in his capacity of executor, be adjudged to pay her the sum of $550, for the price of the slave *Louis*, and that he be enjoined to accept the act of sale of said slave. The defendant's answer contains a general denial, and a prayer for general relief. On the trial in the court below, the counsel for the defendant not being present, the case was tried *ex parte*, and the judgment of the court was, that the plaintiff recover of the defendant the sum of $550, *the price by him agreed to be paid for the slave Louis*, and the further sum of $50, as damages, and costs. From this judgment the defendant has appealed.

The only material question in this cause has not been noticed in argument; but as it is clearly put at issue by the answer, we consider ourselves bound to decide it. Did the defendant make an agreement with the plaintiff, to pay her the sum of $550, for the slave *Louis?* The case was tried *ex parte*, and, *as is usual in cases of judgments by default*, the judge should have admitted none but legal evidence in support of the allegations of the petition. We have looked

MICHEL
v.
DOLLIOLE.

in vain through the record for legal evidence of the agreement under which the plaintiff claims. Art. 2437 of the Civil Code provides that, a promise to sell amounts to a sale; but, to have its effect, either *between the contracting parties*, or with regard to other persons, it must be vested with the formalities prescribed in art. 2415, in all cases where the law directs that the sale be committed to writing. Art. 2415 is in these words: "All sales of immovable property, or slaves, shall be made by authentic act, or under private signature. All verbal sales of these things shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted." The only exception to the rule laid down in these articles, is contained in article 2255, which provides that, a verbal sale of immovable property, or slaves, is good, as well against the vendor as against the vendee, who confesses it, when interrogated on oath, provided actual delivery has been made of the immovable property, or slaves, thus sold.

It is not pretended that actual delivery of the slave *Louis* was made to the plaintiff, and therefore, no promise to purchase, not reduced to writing and signed, was binding upon him in law. The only evidence adduced in support of the promise is, that contained in the act putting the defendant in default, and the declaration of *Ducatel*, the notary who drew up that act, that all the facts are to his personal knowledge as they are therein stated. Those facts consist of certain declarations alleged to have been made by the defendant at the time, and which form no part of that which the notary was called upon to record and certify. Proof of verbal declarations is not satisfactory evidence, when the party offering it had it in his power to obtain written evidence of the substance of those declarations. In this case the proof results from the testimony of a single witness, whose evidence is unattended with any corroborating circumstance whatever, and the contract attempted to be enforced exceeds in amount the sum of $500. Civil Code, art. 2257. That evidence would be insufficient in any case, even if parol evidence could be considered as admissible to prove the agreement sued upon. Moreover, the agreement entered into between the defendant and the husband of the plaintiff without authority shown, had it been in writing, was not binding upon her. She could not therefore put the defendant in default, until she had notified him of her intention to avail herself of it; and as, at the time she gave that notice, the slave was lying dangerously ill, there would have been nothing unreasonable in the defendant's refusal to accept the sale, till he was restored to health. In his condition, he was not worth the price demanded for him.

It is therefore ordered that the judgment be reversed, and that there be judgment in favor of the defendant, for costs in both courts.