(90 South. 238)

No. 23356.

## WOODALL v. LOUISIANA RY. & NAV. CO. et al.

(Nov. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Railroads** &⇒24(4)—**Return held to show legal service of citation.**

In an action against a corporation named as the "Louisiana Railway & Navigation Company," a deputy sheriff's return on the citation stating that he served the petition and citation "on the within named Louisiana Navigation & Railway Company by handing a certified copy hereof together with a certified copy of plaintiff and petition," to the company's secretary in charge of its office at the time, shows legal service in the manner provided for by Act No. 267 of 1914, § 25, pars. (a), (b), regulating service on corporations, the error in the corporation's name being so palpable that it could not have misled defendant, and the expression "copy of plaintiff and petition" meaning "copy of plaintiff's petition," and if not that then harmless; the words "plaintiff and" being superfluous.

**2. Corporations** &⇒507(13)—**Return need not show officer, director, or agent in charge of its affairs served with process was over 18 years of age.**

Though Act No. 267 of 1914, § 25, par. (b), provides that if an officer, director, or agent in charge of a corporation's affairs cannot be found, service may be made on any other regularly employed officer, agent, or employee over 18 years of age found in the office of its domicile, the requirement that the return must show that the employee served was over 18 does not apply in case of service on an officer, director, or agent in charge of its affairs.

**3. Judgment** &⇒250—**Based on negligence different from that alleged annulled.**

In an action for damages for the death of plaintiff's daughter based on a charge of negligence that the defendant blocked a public street crossing with a train of box cars without having a lookout or watchman at the rear end of the train to warn pedestrians of a sudden moving backward, and the negligence proven was that a space was left between two cars at a street crossing without having any one to warn pedestrians of the danger of attempting to go between them, *held* that the judgment, being founded on a cause different from that alleged in the petition, should be annulled.

**4. Judgment** &⇒101(2)—**Defendant, not having pleaded, is entitled to protection against judgment by default for negligence not pleaded by plaintiff.**

The general rule that a defendant who neglects to be present or represented when his case is tried is not entitled to have the judge protect him against introduction of evidence not in accord with plaintiff's petition does not prevail against a defendant who has not answered or pleaded, and against whom judgment may be taken by default, and this applies to a judgment against one for an act of negligence different from that charged in the petition.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; John E. Fleury, Judge.

Suit by N. E. Woodall against the Louisiana Railway & Navigation Company and others, and from a judgment taken by default,

the defendant named appeals. Judgment annulled, and case remanded for proceedings not inconsistent with the opinion, reserving to plaintiff the benefit of the entry of the preliminary default.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

C. A. Buchler, of Gretna, for appellee.

O'NIELL, J. The defendant, Louisiana Railway & Navigation Company, appeals from a judgment taken by default, for $10,000. The suit was for damages for the killing of plaintiff's daughter, who, it is alleged, was run over by a freight train operated by the New Orleans Public Belt Railroad Commission over the tracks of the Louisiana Railway & Navigation Company. The New Orleans Public Belt Railroad Commission was cited as codefendant, and judgment was prayed for against the two railroads in solido; but, on an exception that the commission was not authorized by law to stand in judgment, the suit against the commission was dismissed. It is said that the Louisiana Railway & Navigation Company's failure to answer or plead to the citation was due to a reliance upon the Public Belt Railroad Commission to defend the suit. ·　·

[1, 2] Appellant contends that the return on the citation does not show that it was served in any one of the methods provided by law. The return is not very accurate in its language, viz:

"Received the within citation and petition on the 25th day of May, 1917, and on the 25th of May, 1917, served the same on the within name, Louisiana Navigation & Railway Company, by handing a certified copy hereof together with a certified copy of Plaintiff and petition to J. J. Tippin, Sec'y· in person. I first inquired for President and Vice. Pres. finding them absent I made service on J. J. Tippin, who was in charge of the Company's office at time of said service.

The officer who served the papers and signed the return was a deputy sheriff of the parish in which the railroad company had its domicile and main office. The statement that the secretary was in charge of the company's office when the papers were handed to him suffices to show that the service was made at the company's office. The expression in the return, "served the same on within *name* Louisiana *Navigation & Railway* Company," means, of course, "within *named* Louisiana *Railway & Navigation* Company," for that was the *within named* company. The writing of the name "Louisiana Navigation & Railway Company," instead of "Louisiana Railway & Navigation Company," was such a palpable error that it could not possibly have misled the defendant railway and navigation company, and it cannot be regarded as serious or harmful. The same may be said of the expression, · "copy of Plaintiff and petition," which, we assume, means "copy of plaintiff's petition." If it does not mean that, the words "plaintiff and" may be regarded as superfluous.

In other respects the return shows that service of the citation and copy of the petition was made in the manner provided in section 25 of Act 267 of 1914 (page 532), the statute then in effect. Paragraph (a) of the section provides that, in a suit which may be brought either at the domicile of the defendant corporation or at the place where the cause of action arose, as in this case, the citation may be served ·upon an agent of the corporation in charge of its affairs, or upon an officer or director, wherever found. Paragraph (b) of the section provides that, if an officer, director, or agent in charge of the corporation's affairs cannot be found, service may be made upon any other regularly employed officer, agent, or employee of the corporation over 18 years of age, found in the office at the domicile of the corporation. The requirement that the return must show that the employee on whom a service was made was over 18 years of age

does not apply to an officer, or a director, or an agent in charge of the affairs of the corporation.

Our conclusion, therefore, is that the return on the citation shows that it was served legally.

[3, 4] Appellant contends that the judgment appealed from should be annulled for the reason that it is founded upon a cause of action different from that which was alleged in the petition. The truth of the complaint is borne out by the record. The charge of negligence made in the petition was that defendant blocked a public street crossing with a train of box cars. without having a lookout, or watchman, at the rear end of the train, to warn pedestrians of the danger that the train might suddenly move backwards. Plaintiff alleged that one or two of the box cars extended beyond the street crossing; that his daughter, walking along the street, came to the crossing and waited there 15 or 20 minutes for the train to move forward and clear the crossing; that, as the train did not move, she walked along a beaten path, parallel with the railroad, to and some distance beyond the rear end of the train, where she intended to cross the track; and that, while she was crossing the track, the train backed upon her, suddenly and without warning, knocked her down and injured her, and then stopped and immediately moved forward, running over her and injuring her fatally. The negligence proven on the trial was that a space was left open between two cars—a space only about 30 inches wide —at the street crossing, without having any one there to warn pedestrians of the danger of attempting to pass between the cars. The only eyewitness of the accident was a woman who stopped at the railroad crossing in company with plaintiff's daughter, and who crossed the track between the cars immediately in front of her. Plaintiff's daugh-

ter was rendered unconscious by the accident, and was never revived. The judgment appealed from, as appears from the written opinion of the district judge, is founded upon the testimony of the other woman; that is, upon her version of the accident.

As a general rule defendant who neglects to be present or represented in court when his case is tried may not be entitled to have the judge protect him against the introduction of evidence that is not in accord with the allegations of the plaintiff's petition. But it is settled, by at least three decisions of this court, that such rule does not prevail against a defendant who has not answered or pleaded to the suit, and against whom judgment may be taken by default. Louisiana State Bank v. Senecal, 9 La. 225, Michel v. Dolliole, 1 La. Ann. 459, and Medley v. Wetzlar, 5 La. Ann. 217, all of which decisions were referred to with approval in Lockett v. Toby, 10 La. Ann. 713, and were distinguished from the case of Kohn v. Wagner, 1 Rob. 275, where the defendant had answered the suit.

The rule established by the decisions cited, that a defendant who has not answered or pleaded to the suit, and against whom a judgment may therefore be taken by default, should have the judge's protection against the introduction of evidence that is not admissible under the allegations of plaintiff's petition, is founded upon reason and justice. A defendant who has not seen fit to answer a suit upon one cause of action, particularly set forth in the plaintiff's petition, should have no fear that judgment will be rendered against him on another cause of action. The reason for the rule is especially applicable to a suit for damages for an alleged tort. A defendant who declines to answer a particular charge of fault or negligence should not, in his absence, be condemned for some other fault or negligence. A citation to answer a lawsuit calls

upon the defendant to answer only the allegations made in the petition.

Our conclusion is that the judgment in this case, being founded upon a cause of action different from that which was set forth in plaintiff's petition, should be annulled; and that the case should be remanded for trial of the issues presented in the petition.

Appellant urges two other reasons for asking for the annulment of the judgment, viz.: (1) That, even if the employees of the public belt railroad were guilty of negligence, appellant is not responsible for their negligence; and (2) if there was negligence for which appellant might otherwise be responsible, appellant is relieved from responsibility by the contributory negligence of plaintiff's daughter, in attempting to pass through such a narrow space between the box cars. These defenses, as far as the record shows, were not considered by the district court. It will be time enough for us to consider them if the case comes before us on an appeal from a judgment rendered on the cause of action set forth in the petition.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court for further proceedings not inconsistent with the foregoing opinion, reserving to plaintiff the benefit of the entry of the preliminary default. The costs of this appeal and of the trial already had in the district court are to be borne by plaintiff; all other costs are to depend upon the final judgment.