148 So. 250

**SIMON v. DUET.**

No. 31346.

May 1, 1933.

Leo W. McCune, of Gretna, for appellant.

Ernest M. Conzelmann, of Gretna, for appellee.

ODOM, Justice.

Plaintiff sued his wife for divorce. The defendant, though cited and served with a copy of the petition, made no appearance, and judgment was entered against her by default. She moved for a new trial on the ground that the judgment was contrary to the law and the evidence. Her motion was overruled, and she appealed.

This was intended to be a suit for divorce on the ground of adultery, and the trial judge, considering it such, heard testimony relating to the wife's conduct and confirmed the default. In this connection we take occasion to say that under the circumstances it is probable that the judge did not scrutinize the petition to see if a legal cause of action was set out. There being no appearance by the wife, and therefore no objection raised, he probably assumed that the pleader had set out a cause of action, and accordingly

heard testimony, which presumably was of such a nature as to warrant the decree rendered, had the petition charged that defendant had committed adultery.

The complaint which appellant here makes is that the judgment is void and must be set aside, for the reason that the petition does not set out that the defendant had been guilty of adultery, and that, in the absence of sufficient allegation to that effect, a judgment for divorce on that ground is illegal, even though no objection was raised and the judgment was rendered by default.

Plaintiff alleges as a cause of action that his wife had been guilty of conduct "unbecoming a wife"; and that on one occasion she and a certain man left home in an automobile at 7:30 p. m. and remained away until 10:15, and while together were seen "in a compromising position"; that on another occasion she and the same man were at the fair "walking around, arm in arm," and that she addressed the man "in endearing terms, all unbecoming the wife of your petitioner."

He alleges also that the two were together on the upper deck of a ferryboat when his wife "circled her arms around the shoulders and neck" of the man, and that again while on this ferryboat the two "seated themselves in a quiet, dark corner and there she kissed him and caressed him, all of which is contrary to the marriage vows of the defendant." He alleges also that on another occasion she and this man left the home of her mother in a car, drove away, parked the car on the roadside and "engaged in spooning with each other and remained so parked from 7:45 to 10:30," and that on another oc-

casion this man called at defendant's home at 7:00 p. m. and remained there until 10:45 p. m.

[1] When adultery is relied upon as a cause of action for divorce, it must be alleged in the petition or complaint that the act was actually committed. Otherwise no cause of action is expressed. It will not suffice to merely set out conduct from which it may be inferred that the act was committed. It must be alleged that the offending party was guilty of adultery, or was guilty of having sexual connection or intercourse, which mean the same thing.

Plaintiff in the present case has done no more than allege that his wife was guilty of unbecoming, suspicious conduct. Neither the word "adultery" nor words of similar import are found in the petition. His petition therefore sets out no cause of action and forms no basis upon which a judgment for divorce on the ground of adultery can be rendered.

■■ 2. The question presented is whether defendant is entitled to relief from the judgment rendered against her by default. We hold that she is, even though it be conceded that the testimony adduced by plaintiff on confirmation of the default was such as to warrant a judgment for the divorce on the ground of adultery. The reason is that there was no charge of adultery made against her, and the judgment has no foundation on which to rest. The plaintiff, not having set out a ground or basis for relief, could get none, even though defendant made no appearance. The rule, which seems to be universal, is that:

"A default admits only that which is well pleaded, and therefore in order to sustain a

judgment by default, plaintiff's declaration, complaint, petition, or statement of claim, must allege with clearness and certainty sufficient facts to constitute a good cause of action or show a right to recover." 34 C. J. 153, § 353; 23 Cyc. 740.

In 15 Ruling Case Law, § 44, p. 605, the rule is stated as follows:

"44. Conformity of Judgments by Default to Pleadings.—Where a suit is brought against a defendant who does not answer, he has the right to assume that the decree will be limited as against him to the cause of action stated in the plaintiff's pleadings, and on judgment by default or on bill confessed the complainant is not entitled to any relief beyond the fair scope of the allegations and prayer of his bill. * * * Since a judgment of a court of record, not based upon a complaint or written statement of the cause of action, is void, a judgment of default cannot be entered where the pleadings of the plaintiff omit the necessary averments to show a cause of action. It has even been said that for a plaintiff knowingly to procure a court to enter judgment under such circumstances is an irregularity in obtaining a judgment amounting to fraud."

As early as 1836, this court announced the same rule with Martin, J., as the organ of the court. In Louisiana State Bank v. Senecal, 9 La. 225, the action was against the indorser of a promissory note. The defendant made no answer, and judgment went against him by default. He appealed and assigned as error that it was not alleged that notice of protest was given him. It was argued by

counsel for the plaintiff that "no defect of pleading can be assigned as error on the face of the record which might be cured by legal evidence." The court said:

"This would be correct, if there had been a trial on an issue made up by filing an answer, for then the consent of the party might be inferred, from the want of objection being made to the omission or defect. But in the absence of any defence, no evidence can be legally given of a fact not alleged in the petition."

In the case of H. Lockett v. Toby, 10 La. Ann. 713, the court, after quoting the above opinion, said it drew "clearly the line between trials on judgments by default and trials on issues made up by filing an answer. The reason for such distinction is obvious to all who occupy the judgment seat."

In the Lockett Case the court adhered to the ruling made in Kohn, Syndic, v. Wagner et al., 1 Rob. 275, which was that those who make themselves parties to the record by pleading are considered as actually present in court at the trial. The ruling in the Lockett Case was that, after issue is joined by answer filed, the defendant cannot be relieved of a judgment rendered during his absence, even though based on illegal testimony. But the court recognized the distinction between a case where issue is joined by answer and one where the defendant has never appeared, and issue is joined only by default.

In Michel v. Dolliole, 1 La. Ann. 459, an answer was filed by the defendant, who made no appearance at the trial and judgment went against him on testimony which the court

held was incompetent. The judgment was reversed, and in the course of the opinion the court said: "The case was tried ex parte, and, as is usual in cases of judgments by default, the judge should have admitted none but legal evidence in support of the allegations of the petition." An answer having been filed in that case, the reference to "cases of judgments by default" was obiter. We cite this case, not as authority on the point, but only to show that the court recognized the rule laid down in Bank v. Senecal, supra.

In Medley & Co. v. Wetzlar, 5 La. Ann. 217, after judgment by default, the plaintiff, in order to confirm the default, offered certain testimony which the trial judge rejected as illegal. It was contended on appeal "that the court could not raise the objection." In that view this court did not concur and sustained the ruling.

The case of Woodall v. La. Ry. & Nav. Co., 149 La. 903, 90 So. 238, 239, involved a tort action, and judgment went against the defendant by default. The defendant appealed, and one of its complaints was that the judgment was founded upon a cause of action different from the one which was alleged in the petition. The court found that "the truth of the complaint is borne out by the record," and reversed the judgment. The question presented on appeal was whether a defendant who makes no appearance in a suit filed against him is entitled to protection against the introduction of testimony on confirmation of the default, not in accord with the allegations of the petition. The court held that he was, saying:

"As a general rule defendant who neglects to be present or represented in court when his case is tried may not be entitled to have the judge protect him against the introduction of evidence that is not in accord with the allegations of the plaintiff's petition. But it is settled, by at least three decisions of this court, that such rule does not prevail against a defendant who has not answered or pleaded to the suit, and against whom judgment may be taken by default. Louisiana State Bank v. Senecal, 9 La. 225, Michel v. Dolliole, 1 La. Ann. 459, and Medley v. Wetzlar, 5 La. Ann. 217, all of which decisions were referred to with approval in Lockett v. Toby, 10 La. Ann. 713, and were distinguished from the case of Kohn v. Wagner, 1 Rob. 275, where the defendant had answered the suit.

"The rule established by the decisions cited, that a defendant who has not answered or pleaded to the suit, and against whom a judgment may therefore be taken by default, should have the judge's protection against the introduction of evidence that is not admissible under the allegations of plaintiff's petition, is founded upon reason and justice. A defendant who has not seen fit to answer a suit upon one cause of action, particularly set forth in the plaintiff's petition, should have no fear that judgment will be rendered against him on another cause of action."

The ruling in this case, which we now reaffirm, is conclusive of the issue raised in the case at bar. If a defendant who has not seen fit to answer a suit filed against him "should have no fear that judgment will be rendered against him on another cause of action," most assuredly he need have no fear that a judgment will be rendered against him in a case

where the petition sets out no cause of action at all.

The petition is the very foundation of the suit. It must contain a clear and concise statement of the object of the demand "or the cause of action on which it is founded." C. P. art. 172. A judgment, to be valid, must have a foundation on which to stand. That foundation is the cause of action set out in the petition. A petition which sets out no ground for relief known to the law cannot serve as a basis for a judgment.

No citation of authority is necessary to support the propositions that a plaintiff cannot recover on a cause of action not alleged and that he cannot prove that which he does not allege. Another settled rule is that, where there is a prayer for general relief, the effect of admitting without objection testimony not admissible under the pleadings is to enlarge the pleadings, and that, although the testimony thus received without objection is contrary to or beyond the allegations contained in the petition, the adverse party is bound by its effect. This is upon the theory that the party who might, but does not, object, thereby tacitly consents to its introduction.

But this latter rule does not apply where a defendant makes no appearance by answer and where illegal testimony is introduced by the plaintiff on confirmation of a default.

For the reasons assigned, the judgment appealed from is reversed, and it is ordered that plaintiff's demands be rejected, and his suit dismissed at his costs in both courts.