Plaintiff, as assignee of a bill of Dr. Carl Rabin for professional services rendered, brings this suit against defendant for the sum of $300, the balance due on account. Defendant denied that Dr. Rabin treated him or that he rendered to him any professional services, and denied liability. From a judgment in favor of plaintiff, defendant has appealed.
[1] The petition alleges that plaintiff "is assignee of Dr. Carl Rabin who rendered professional services to said defendant described on the itemized account hereto attached and made part hereof. * * *" The itemized bill referred to is for $300 for "professional services rendered."
Dr. Rabin testified that he did not treat defendant, and attempted to show that the bill covered services rendered to his married daughter and son-in-law, at defendant's request and upon his promise to pay the bill. Defendant's counsel made the following objection to the testimony:
"I object to any evidence going to show that the doctor treated anybody else but Mr. Aiavolasiti. It is alleged in the petition that he treated the defendant and not any third person."
The judge a quo overruled the objection and permitted Dr. Rabin to testify, in which ruling he was clearly in error.
The petition and itemized bill reflect that the physician's services were rendered to the defendant, and under this cause of action he had not the right, over the timely objection of defendant, to show that his services were rendered to third persons. Plaintiff's counsel argues that the allegation of the petition does not indicate that the services were rendered to defendant, but merely for defendant, and that he was entitled to show that the services to the two mentioned members of defendant's family were rendered "for the defendant." We cannot agree with this contention, as the only construction that can be placed upon the allegations of the petition and the accompanying bill is that the defendant owes for medical treatment accorded him.
[2] Proof must correspond with allegations, and recovery cannot be had on a cause of action not alleged, where there is objection to the evidence on that ground timely made. In Simon v. Duet, 177 La. 337, 148 So. 250, 253, the Supreme Court said:
"No citation of authority is necessary to support the propositions that a plaintiff cannot recover on a cause of action not alleged and that he cannot prove that which he does not allege."
We said, in Cambas v. Burney et al., 8 La. App. 206: "Proof must correspond with the allegations." *Page 435 
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decree that plaintiff's demand be dismissed as of non-suit; plaintiff to pay all costs.
Reversed.