ELLIS, Judge.
This is a suit for $148.45 against the defendant for groceries allegedly sold to him by plaintiff between December 16, 1948 and April 1st, 1949. The defendant denied the allegations of the petition and on the trial of the case, when placed on the stand under cross examination, denied that he had purchased any groceries from the plaintiff, and was then asked if his wife had purchased any groceries, to which question defendant’s counsel objected on the ground that “it is an enlargement of the pleadings and results in a changing of the cause of action and it is an attempt to establish the indebtedness of the defendant by setting up an estoppel agency where there is no prayer whatever of estoppel or agency.”
The objection was referred to the merits and, in effect, overruled as the trial court rendered judgment in favor of the plaintiff and against the defendant as .prayed.
Counsel for defendant is reurging his objection and, in fact, it is his main defense. Counsel cites the, case of Simon v. Duet, 177 La. 337, 148 So. 250, 253, and quotes therefrom as follows: “No citation of authority is necessary .to support the propositions that a plaintiff cannot recover" on a cause of action not alleged and that he cannot prove that which he does not allege.”
The expression of the Court therein would not apply in this case for the defendant was sued on the theory that as the husband and head of the community he was .liable for necessities, whether purchased by him personally or by his wife. An action "to collect a community debt .is properly brought against the husband, providing he is the head and master of the community and administers its effects.
Also, under the provisions of Article 2403 of the Civil Code and the jurisprudence thereunder, the husband is responsible for the obligations and debts of the community if they are contracted during the marriage and are community ob.ligations for which the wife is not personally liable.
The objection was properly overruled.
 The evidence shows that the defendant’s wife purchased these groceries and also that she .was 'authorized, but defendant complains that she was not authorized to charge the groceries as he had provided her with money with which to pay cash. Such a defense cannot affect the right of the plaintiff to collect for the groceries sold. There is nothing in the record to show that defendant had instructed or notified the plaintiff not to charge" groceries or that he had furnished his wife with money in order that she might pay in cash. There is no evidence to show that the groceries were not used and eaten by defendant and his wife. Further, the defendant could not have been taken by surprise by the failure of the plaintiff to allege that the groceries were bought by the wife as plaintiff had personally made demand ■upon defendant" for payment and defendant had promised to take care of the bill. He, therefore, well knew at the time of the filing of the suit that it was one for groceries purchased by his wife for the account of the community. There" is no doubt from the evidence that defendant and his wife were living in 'community at the time the debt was contracted, and that -although she might have violated his instructions to buy for cash, no notice was given to the plaintiff and no check was made by the defendant to ascertain whether she was violating his instructions, and although he claimed he did not authorize any purchases to be charged to him, he testified that he *497 paid bills at other stores and later put ads in the paper in an attempt to avoid other charge accounts, and he also admitted that he had promised to pay this plaintiff.
Under the evidence and the law 'as applicable thereto, the judgment of the lower court is correct and is affirmed.