REGAN, Judge.
This is an appeal from a judgment making a rule absolute declaring a debt created as a result of a tortious act discharge-able in -bankruptcy.
Merely for the purpose of preserving the mechanical continuity of the litigation, the record reveals that plaintiffs, Mr. and Mrs: Robert Rembert, instituted a" suit endeavoring to recover the süm óf $4,205, represent *806 ing personal injuries suffered by Mrs. Rem-bert, a pedestrian, in the amount of $4,000, and medical expenses in the amount of $205, incurred by Mr. Rembert, by virtue of Mrs. Rembert having been struck by an automobile owned and operated by the defendant, James Robinson, on October 16, 1951, at about 9:35 p. m. In their petition plaintiffs alleged that defendant was negligent in (a) “failing to maintain a proper lookout for traffic;” (b) “in failing to have the vehicle driven by him under proper control;” and (c) “in failing to slow sufficiently to make a turn safely.”
Defendant having failed to respond to the suit, a' judgment by default, in the amount of $1,205, was obtained on May 7, 1952, against him.
In confirming the default plaintiffs enlarged the pleadings by introducing evidence relating to the absence of burning headlights on defendant's vehicle on the night of the accident.
On June 20, 1952, plaintiffs obtained a writ of fieri facias and garnishment directed to the Louisville and Nashville Railroad Company, ordering the sheriff of the Parish of Orleans to seize all of the property, real and personal, rights and credits of James Robinson, defendant.
In answer to the interrogatories propounded to it, the Louisville and Nashville Railroad Company admitted that defendant, Robinson, was in their employ as a coach cleaner, earning the sum of $1.3870 per hour.
On June 25, 1952, defendant filed a petition in the United States District Court for the Eastern District of Louisiana requesting that he be adjudicated a bankrupt. Plaintiffs’ judgment, in the amount of $1,-205, was listed by defendant in his schedule of debts. Twenty percent of defendant’s salary,, seized under the writ of fieri facias and garnishment,, -in the possession of the Louisville and Nashville Railroad Company was held in escrow pending the discharge of defendant, in bankruptcy, and the, ultimate determination by the State courts of the dischargeable nature of the debt.
Defendant was discharged in bankruptcy on December 15, 1952, and on the same day he filed a rule requesting the Louisville and Nashville Railroad Company and plaintiffs to show cause why the railroad should not pay to him the funds held in escrow by the railroad since the judgment had been discharged in bankruptcy.
On the trial thereof, plaintiffs insisted that the judgment debt falls within the purview of the Federal Bankruptcy Act, 11 U.S.C.A. § 35, which excepts from discharge in bankruptcy provable debts resulting from “willful and malicious injuries to the person or property of another”.
Defendant, on the other hand, maintains that this debt, created as a result of the judgment, is dischargeable in bankruptcy since it resulted from the simple negligence of defendant which proximately caused Mrs. Rembert’s injuries and, therefore, it is not encompassed by the exception of non-dischargeable debts because of the “willful and. malicious injuries to the person or property of another”.
The only question posed for our consideration is whether the judgment debt falls within the purview of the exception contained in 11 U.S.C.A. § 35.
The trial judge was of the opinion that “defendant’s acts of negligence were ‘wilful and malicious’ only if the Court can consider evidence adduced at the confirmation of the default which enlarged the pleadings and which showed that defendant was driving at night without lights. See Rosen v. Shingleur, La.App. 1st Cir., 1950, 47 So. 2d 141; Tharp v. Breitowich [323 Ill.App.261], 55 N.E.2d 392. However, a default in Louisiana only admits that which is well pleaded. Simon v. Duet, 1933, 177 La. 337, 148 So. 250; Woodall v. Louisiana Ry. & Navigation Co., 1921, 149 La. 903, 90 So. 238; Louisiana [State] Bank v. Senecal, 1836, 9 La. 225; see also, Bonnici v. Kindsvater, 1936, 275 Mich. 304, 266 N.W. 360. The evidence relating to the absence of headlights, which constituted an enlargement of the pleadings and which defendant was never given an opportunity to dispute contradictorily with the plaintiff, must be disregarded. Therefore, the tort judgment in favor of the plaintiffs was discharged by defendant's adjudication in bankruptcy and *807 the rule to dismiss the garnishment must be made absolute.”
We find it unnecessary to pass upon the hypothesis that “defendant’s acts of negligence were ‘wilful and malicious’ only if the court could consider evidence adduced at the confirmation of the default which enlarged the pleadings and which showed that defendant was driving at night without lights.” We leave that question open for future decision if and when it arises. We are, however, in full accord with the ruling of the trial court that “the evidence relating to the absence of headlights which constituted an enlargement of the pleadings and which defendant was never given an opportunity to dispute contradictorily with the plaintiffs must be disregarded.”
 In Simon v. Duet, 1933, 177 La. 337, 148 So. 250, 253, the Supreme Court said:
“No citation of authority is necessary to support the propositions that a plaintiff cannot recover on a cause of action not alleged and that he cannot prove that which he does not allege. Another settled rule is that, where" there is a prayer for general relief, the effect of admitting without objection testimony not admissible under the pleadings is to enlarge the pleadings, and that, although the testimony thus received without objection is contrary to or beyond the allegations contained in the petition, the adverse party is bound by its effect. This is upon the theory that the party who might, but does not, object, thereby tacitly consents to its introduction.
“But this latter rule does not apply where a defendant makes no appearance by answer and where illegal testimony is introduced by the plaintiff on confirmation of a default.”
In this case the judgment was predicated upon the negligence of the defendant in that he failed to maintain a proper lookout; to have the vehicle under proper control and to reduce the speed thereof before executing a turn into an intersection. Insofar as we can determine from a careful analysis of the record, the act upon which recovery was obtained by the plaintiffs against defendant was one emanating from the negligent operation of a motor vehicle without the least intention to injure the pedestrian and without that general disregard of human life which has, on occasions, been interpreted as malice. We are not disposed, under these -circumstances, to conclude that the judgment debt is encompassed by the exception of “willful and malicious injuries to the person or property of another” and are, therefore, of the opinion that the judgment in favor of plaintiffs was discharged by defendant’s adjudication in bankruptcy.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.