LOTTINGER, Judge.
This suit was filed by Daniel Mickens for workmen’s compensation against James O. Gremillion, his employer, and Employers’ Mutual Liability Insurance Co., Gremilli-on’s compensation insurer. As an alternative demand, petitioner claims damages in tort against Gremillion and his liability insurer, American Automobile Insurance Company. The claim is for personal injuries suffered while petitioner was riding in a truck owned by Mr. Gremillion. The *137 demand as to workmen’s compensation was subsequently dismissed, and trial was held as to the tort claim. The lower court gave judgment for petitioner, and defendant has taken this, a suspensive appeal.
The facts, as alleged in the petition, are as follows:
“That on said date, as at the present time, petitioner was a resident of the City of New Orleans; that each weekend he would return to his home and then go back to Amite each Monday where he would remain for his working week, all of which was well known to his said employer said Gullett Gin Company ; that he lived during his working week in a room some two miles from Amite; that he roomed with a fellow worker, one Edgar Jones; that the said Edgar Jones had the use of the Chevrolet truck hereinabove referred to, the property of said James O. Gremillion, doing business as Colonial Contractors, and he would drive petitioner to and from their place of employment in it; that on said date June 21, 1949, at or about 6:00-6:30 o’clock p. m. petitioner was riding in said truck with said Edgar Jones g.oing to Roscland, Louisiana, to pick up some ladders for use in their work at the gin; that there was a mule on the paved portion of the roadway some distance ahead and plainly visible to said Edgar Jones; that instead of slowing down and bringing the truck under control said Edgar Jones continued forward at a speed of over forty miles per hour and, in attempting to go around the mule, he lost control of said truck which went into the ditch and turned over; that petitioner was thrown violently from the truck to the ground sustaining the injuries hereinafter set forth; that said Gullett Gin Company and said James O. Gremillion received prompt notice of said injuries but offered petitioner no medical treatment; that said accident occurred in the Parish of Tangipahoa.”
. The testimony of petitioner, and the findings of the lower court, as to the happening of the accident, as taken from the written’ opinion of the said court, are as follows:
“On the night of the accident plaintiff and Edgar Jones finished work at about 5:30 P. M. They drove in the truck to their boarding house at Rose-land. After supper Mickens started walking into Amite. Jones got into the truck and overtook Mickens on the road and they drove into Amite where they stopped at a tavern.
“Jones met a lodge brother and aft-ter some conversation with him determined to take this man to some place outside Amite. But the lodge brother was not sure just where he wanted to go so they enlisted the aid of two women to direct them. Jones and the two women got into the cab of the truck and Mickens and the lodge brother climbed into the rear. Mickens did not want to go but Jones insisted.
“The truck had a large solid body and in his seated position Mickens could not see ahead.
“They set out down the road and drove onto a gravel road. There was a little pick up truck in front of Jones and Jones tried to pass this truck and the other truck did not want him to pass. So Jones began speeding so that large clouds of dust were thrown up. Mickens got up and knocked on the cab of the truck to try to slow down Jones because Jones was going too fast but Jones did not slow down. The next thing Mickens knew the truck had turned over and was on its top with its four wheels in the air.
“Jones had not collided with anything. There was nothing in the road. Jones gave some testimony about a mule which no one else saw. Mickens looked around when he had extricated himself from the overturned truck and saw nothing.”
Defense counsel timely objected to the introduction by petitioner of any evidence which would enlarge the pleadings. The *138 court, however, heard the evidence subject to the objection of the defense.
The lower court gave judgment in favor of the petitioner in the sum of $8,120. The defendants have taken a suspensive appeal.
The defense alleges error below primarily for two reasons. The first is that the lower court refused to sustain defendants’ timely objections to petitioner’s enlarging and deviating from the pleadings. The second is the court’s refusal to allow the defendant to introduce into evidence a statement, although not signed, made by petitioner shortly after the accident.
The petition and the testimony adduced by petitioner vary widely as to the cause of the accident. Article 7 of the petition, which is quoted above, states that the parties were proceeding to Roseland, Louisiana, to pick up some ladders when they encountered a mule on the pavement, and, in attempting to go around the mule, Jones lost control of the vehicle and turned over. The petition contained the usual verification attesting to the truthfulness of all allegations contained therein and the verification was signed by petitioner himself. The only party testifying as to the facts surrounding the accident itself, on behalf of petitioner, was the petitioner himself. On trial he completely contradicted his petition in several respects.
The petition alleges that the parties were bound for Roseland and indicates that they were on a paved highway. The testimony of petitioner, on the other hand, shows that they were on a gravel road and that petitioner did not know where they were going. The petition states that they encountered a mule in the road, and that in attempting to go around the mule the accident happened. The testimony of petitioner states that Jones encountered another truck and, in attempting to pass the truck, lost control of his vehicle causing the accident. The petition states that the accident occurred at between 6:00 and 6:30 p. m., whereas the testimony of petitioner sets the time at from 7:00 to 8:00 p.m. Furthermore, the petition does not mention anyone in the truck except Jones and petitioner, while the testimony of petitioner is to the effect that there were also two women in the car and a lodge brother of Jones.
 In view of the vast difference between the sworn statements of petitioner as made in his petition and those made in his testimony, we believe that the effect was at least unsatisfactory. The petition must make a clear and precise statement of the facts surrounding the demand of petitioner. C.P. 172. In Norvell v. Aiavolasiti, La.App., 33 So.2d 434, the court said :
“Proof must correspond with allegations, and recovery cannot be had on a cause of action not alleged, where there is objection to the evidence on that ground timely made. In Simon v. Duet, 177 La. 337, 148 So. 250, 253, the Supreme Court said:
“ ‘No citation of authority is necessary to support the propositions that a plaintiff cannot recover on a cause of action not alleged and that he cannot prove that which he does not allege.’ ”
There is no question but that the testimony allowed over defendant’s objection should not have been admitted. The said testimony not only enlarged the pleadings but constituted an entirely different factual situation regarding the accident than that alleged in the petition. We, therefore, conclude that the objections of defendant should have been sustained and the objectionable testimony stricken from the record.
Even were we, however, to feel that the evidence which was objected to by defendant was admissible, we would still feel that the petitioner has failed to sustain his burden of proving his case by a preponderance of the evidence. This feeling on our part is due to the widely conflicting statements made by petitioner in his petition and on the witness stand, all of which statements were under oath. These statements definitely weaken the credibility of the petitioner and, without any corroborating evidence whatsoever, casts such an uncertainty *139 in our minds as to conclude that he has not established his case.
As to the second contention of error by defendant, i. e., the refusal of the lower court to admit into evidence the unsigned statement of petitioner, we believe that said statement should have been allowed. The petitioner contends that he was asleep when the adjuster came to get the statement, and that the adjuster just began reading the statement to him without asking any questions whatsoever. Although he states that he was asleep, he did testify that the adjuster asked the man in the bed next to petitioner where the petitioner was. The adjuster did testify that he visited petitioner in the hospital. The lower court, however, refused any testimony as to the statements made to the adjuster by petitioner. The record does indicate that, although the statement was not signed, it did contain a cross-mark, allegedly the mark of petitioner. The right arm of petitioner was injured in the accident, which would possibly be the reason for the mark instead of his signature.
In view of the wide discrepancy between the petition and the testimony of petitioner, and the testimony of petitioner and that of defendant, we feel that the statement should have been allowed if for no other reason than to try to get a clearer picture of the facts surrounding the accident. The courts have often allowed statements which conflict with the testimony to be introduced into evidence. As a matter of fact, it is one of our most used weapons for impeaching the credibility of witnesses. In Galiano v. Ocean Accident & Guarantee Corp., Ltd., La.App., 55 So.2d 641, 644, the court said:
“There is no room for doubt that a court has the right to consider a statement of a litigant made after an accident, despite the fact that the statement is retracted in his sworn testimony. In the light of facts evidenced by tire record, prior statements may sometimes conclusively impeach and be entitled to greater credence than testimony given from the witness stand.”
The testimony of Jones indicated that the cause of the accident was the fact that a mule ran across the highway directly in front of the truck. The accident occurred at night time, and the accident occurred when he attempted to avoid hitting the mule. His testimony as to the accident was clear and was unshaken. Although he was the only person testifying on behalf of defendant as to the accident itself, we feel that his version of the accident was more-worthy of belief than that of petitioner. We feel that the petitioner has failed to prove his case by a preponderance of the admissible evidence, and the judgment of the lower court will, therefore, be reversed.
For the reasons assigned the judgment of the lower court will be reversed, and there will be judgment in favor of defendant dismissing petitioner’s demand, with costs.
Judgment reversed.