GARRISON, Judge.
This is an appeal from a judgment of the district court granted July 1, 1977 as follows:
“On motion of R. Lee McDaniel, attorney for plaintiff, and on producing to the Court due proof in support of the plaintiff’s demands, the Court considering the law and the evidence to be in favor of the plaintiff, for the reasons orally assigned. “IT IS ORDERED, ADJUDGED, AND DECREED, that the default herein entered on June 28, 1977, be now confirmed and made final and, accordingly, let there be judgment herein in favor of the plaintiff, Jeanne Soileau and against Michael E. Souieau (sic) decreeing a divorce a vinculo matrimonii dissolving forever the bonds of matrimony heretofore existing between them.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that petitioner be granted the permant care custody and control of the minor child of the marriage.
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that petitioner be awarded alimony in the amount of Five Hundred Dollars ($500.00) per month and child support in the amount of Five Hundred Dollars ($500.00) per month.”
From that judgment, which we amend and. affirm, Michael Soileau appeals, alleging:
1. The trial court erred in granting a judgment of divorce on the ground of adultery in that the petition fails to properly state a cause of action which would support rendition of said judgment; and
2. The trial court erred in rendering a judgment against one Michael E. Souieau who is not a party to those proceedings.
Defendant, who is an attorney, was served with the petition of divorce; however, he did not file an answer or otherwise make an appearance. He allowed a default judgment to be taken against him. Although testimony was presented at the trial of this matter, the record contains the notation “Testimony in these cases destroyed. *8 Brenda Hunter (Deputy Clerk of Civil District Court).”
I. Failure to State a Cause of Action
Plaintiff’s petition reads as follows:
“HI.
“Petitioner has always been a faithful wife, but since their marriage defendant has been guilty of adultery on many occasions, and particularly since October of 1976 defendant has lived in open concubinage with one Marilyn Baltimore at 216 Transcontinental Drive, Metairie, Louisiana.
“IV.
“Her husband’s adultery entitles petitioner to an immediate divorce from him.”
Defendant argues that the above language is insufficient to state a cause of action for divorce on grounds of adultery, citing Simon v. Duet, 177 La. 337, 148 So. 250 (La.1933). In Simon the court stated as follows:
“Plaintiff alleges as a cause of action that his wife had been guilty of conduct ‘unbecoming a wife’; and that on one occasion she and a certain man left home in an automobile at 7:30 p.m. and remained away until 10:15, and while together were seen ‘in a compromising position’; that on another occasion she and same man were at the fair ‘walking around, arm in arm,’ and that she addressed the man ‘in endearing terms, all unbecoming the wife of your petitioner.’ “He alleges also that the two were together on the upper deck of a ferryboat when his wife ‘circled her arms around the shoulders and neck’ of the man and that again while on the ferryboat the two ‘seated themselves in a quiet, dark corner and there she kissed him and caressed him, all of which is contrary to the marriage vows of the defendant.’ He alleges also that on another occasion she and this man left the home of her mother in a car, drove away, parked the car on the roadside and ‘engaged in spooning with each other and remained so parked from 7:45 to 10:30,’ and that on another occasion this man called at defendant’s home at 7:00 p.m. and remained there until 10:45 p.m.
“When adultery is relied upon as a cause of action for divorce, it must be alleged in the petition or complaint that the act was actually committed Otherwise no cause of action is expressed. It will not suffice to merely set out conduct from which it may be inferred that the act was committed. It must be alleged that the offending party was guilty of adultery, or was guilty of having sexual connection or intercourse, which mean the same thing. “Plaintiff in the present case has done no more than allege that his wife was guilty of unbecoming, suspicious conduct. Neither the word ‘adultery’ nor words of similar import are found in the petition. His petition therefore sets out no cause of action and forms no basis upon which a judgment for divorce on the ground of adultery can be rendered.” 148 So. at 251 (emphasis added)
The petition in the instant appeal provided defendant with ample notice of the ground alleged. A petition is not a trial and the plaintiff is not required to state her proof within the petition. In truth, plaintiff’s language could not have been stronger.
Defendant further argues that to have allowed proof of adultery into evidence at the trial of this matter would operate as an enlargement of the pleadings. This view is incorrect — no enlargement occurred as the one and only ground alleged by plaintiff was adultery.
II. The Trial Judge Erred in Rendering Judgment Against Michael E. Souieau, Who is Not a Party
It is obvious that the judgment contains a typographical error: Soujeau instead of Soileau. Michael Soileau argues that due to this typographical error, he is not bound by the judgment. This contention is without merit.
For the reasons discussed the judgment of the district court is affirmed.
AFFIRMED.