## HIMES, etc. v DEPARTMENT OF REVENUE, STATE OF FLORIDA

### Case No. 83-4204-CA-01

Seventh Judicial Circuit, Volusia County

February 26, 1985

#### APPEARANCES OF COUNSEL

**John F. Bolt** for plaintiff.

**Jeff Kielbasa,** Office of the General Counsel, Department of Revenue, for defendant.

### OPINION OF THE COURT

JAMES T. NELSON, Circuit Judge.

### *AMENDED FINAL JUDGMENT*

This cause is before the Court upon the stipulation of the parties in open court that there are no material facts in dispute and that the only questions to be resolved are those of law. The parties, having filed initial and reply memoranda of law presenting their adverse positions to the Court, and the Court being thereby and otherwise fully advised, finds as fact that:

#### *Findings of Fact*

At issue here is whether the Section 212.03, F.S. and Section 125.0104, F.S. tax (commonly referred to as the transient rental tax)

applies to rentals of single family condominiums for periods less than six months.

Plaintiff, Donald C. Himes, owns a single condominium dwelling, unit 106, Seacoast Gardens II, S. Atlantic Avenue, on the coast at New Smyrna Beach, Florida and lives in New Jersey. On occasion, he rents or leases his condominium for periods less than 6 months.

Beginning in September, 1982 and apparently as a result of the opinion of the Attorney General, AGO 082-51,* and the prior enactment of Ch. 79-359, Laws of Florida, amending Section 212.03 to expressly include condominiums as taxable facilities, Defendant, Department of Revenue initiated efforts to require all condominium owners who rent their condominium to persons for periods less than 6 months to register with the Department as dealers and begin to charge, collect and remit the Ch. 212 and (where applicable) the Ch. 125 transient rental tax. As part of this effort, the Department sent out fliers in September, 1982 to approximately 11,000 condominium associations and 100 realty boards statewide instructing condominium owners that they were responsible for the transient rental tax if their condominium is rented for periods of less than 6 months.

During this period, the Department was seeking to withdraw its Rule 12A-1.61(21), F.A.C. (exempting single family dwellings from the tax), by an amended rule, which amended rule was successfully quashed on procedural grounds in *Association of Condominiums v. Department of Revenue*, 431 So.2d 7 (Fla. 5th DCA 1983), and again in *Sarasota Surf, et al., v. Department of Revenue*, 437 So.2d 786 (Fla. 2d DCA 1983) and *Department of Revenue v. Sarasota Surf*, 440 So.2d 355 (Fla. 1st DCA 1983).

On February 3, 1983, the Department sent a letter to Plaintiff, personally instructing him to register as a dealer. In response, on July 10, 1983, Plaintiff wrote the Department claiming an exemption from the subject tax by Rule 12A-1.61(21), F.A.C., apparently on advice of counsel that the Department's attempted amendment was procedurally flawed. In response, the Department wrote Plaintiff acknowledging Plaintiff's refusal to comply with Ch. 212, but informing him nevertheless of his estimated tax liability thereunder and of the Department's intention to enforce the tax should Plaintiff not comply with Ch. 212 within 10 days.

On October 28, 1983, the Department filed its tax warrants against

---

* AGO 082-51 opined that there were no exemptions or exceptions to the Section 212.03, F.S. transient rental tax other than those express in Section 212.03(4) and (7), F.S.

Plaintiff for the unpaid tax, penalty, and interest then due, totalling $668.26.

Shortly afterwards, Plaintiff filed this action together with 12 other Plaintiff's similarly situated. The Department responded with a motion to dismiss for failure by Plaintiff's to pay the disputed tax into the registry of the Court prior to bringing suit as required by Section 72.011, F.S. Thereafter, in an apparent attempt to comply with Section 72.011, F.S., Plaintiff filed an amended complaint which functioned to drop the 12 other Plaintiffs, in favor of Donald C. Himes suing individually and as a class representative. With the Amended Complaint, Plaintiff paid the tax, penalty, and interest attributable to him as required by Section 72.011. However, no tax, penalty, or interest was paid on behalf of the alleged class, numbering 1000 individuals in New Smyrna Beach similarly situated. At a motion hearing brought by Plaintiff to determine the class and by Defendant to require compliance with the payment provisions of Section 72.011(3), F.S., the parties reached a compromise approved by the Court which created a class for this lawsuit which was to be composed of all similarly situated to Plaintiff in New Smyrna Beach and who would register with the Department and otherwise comply with Section 72.011(3), F.S.

Essentially, by his amended complaintiff, Plaintiff has challenged the imposition of the tax on four grounds: 1) that Rule 12A-1.61(21), F.A.C. exempts the rental of single family condominium units; 2) that Ch. 212 impliedly exempts them; 3) that the tax violates the Fourtheenth Amendment to the U.S. Constitution; and 4) that, failing in the above, the Department is nevertheless estopped from collecting the tax from Plaintiff.

### Conclusions of Law

Plaintiff's principal argument is that since the Department's attempt to repeal Rule 12A-1.61(21), F.A.C. (exempting single family dwellings from the transient rental tax) failed in *Association of Condominiums v. Department of Revenue* and the *Sarasota Surf* cases, supra, the rule remains in force and functions to exempt the rental of Plaintiff's single family condominium from the transient rental tax. This could only be true if Ch. 212 itself provides for such an exemption. This is so for the single reason that the Department has no power to tax or exempt one from a tax. This is solely the province of the legislature. See *Miami Dolphins v. Dade Co.*, 394 So.2d 981 (Fla. 1981) holding that rules in conflict with a statute should be stricken, not the statute; *Department of Revenue v. Young American Builders*, 358 So.2d 1096 (Fla. 1st DCA 1978) aff'd 376 So.2d 849 holding that the Department of

6

Revenue has no power to tax; that power being reposed solely in the legislature.

Furthermore, the legislature itself has expressly so stated. In Section 212.21(2), F.S. it is provided that:

> It is hereby declared to be the specific legislative intent to tax each and every . . . rental levied and set forth in this chapter, except as to such . . . rental, as shall be specifically exempted therefrom by this *chapter*. . . .

Additionally, Section 212.08(12), F.S. expresses this by providing (arguably as to tangible personal property only) that:

> No transactions shall be exempt from the tax imposed by this chapter except those expressly exempted herein.

Ch. 212 must therefore be examined to determine whether or not the rental of a single family condominium to a transient renter is exempt,* the Department's embattled rule notwithstanding.

The transient rental tax is levied by Section 212.03(1), F.S. under the above Section 212.21(2), F.S. mandate to tax "each and every . . . rental" as follows:

Section 212.03(1), F.S. provides in part:

> "It is hereby declared to be the legislative intent that *every person* is exercising a taxable privilege who engaged in the *business of renting, leasing, or letting* any living quarters, sleeping or housekeeping accomodations in, from, or a part of, or in connection with any hotel, apartment house, *roominghouse*, tourist or trailer camp, as hereinbefore defined in this chapter. . . ." (e.s.)

The term "every person" in Section 212.03(1) is self-explanatory. The term "business" in Section 212.03(1) is defined by Section 212.02(9) as follows:

> (9) "Business . . . includes . . . *all rentals and leases* of living quarters . . ., sleeping or housekeeping accomodations in hotels, apartment houses, *roominghouses* . . . ." (e.s.)

The term "rental" and "lease" is defined by Section 212.02(6), F.S. as follows:

> (6) "Lease", "let", or "rental" means leasing or renting of living

---

* It should be pointed out that this is a question of first impression which this court is obligated to address. The 5th District, in *Assocation of Condominiums v. Department of Revenue*, supra, expressly did not reach the merits of this question, and neither did the 1st and 2nd Districts in the *Sarasota Surf* cases, supra.

quarters or sleeping or housekeeping accomodations in hotels, apartment houses, roominghouses, tourist or trailer camps and real property, the same being defined as follows:

The term "roominghouse" is defined by Section 212.02(6)(c), F.S. as follows:

"*Every house,* boat, vehicle, motor court, trailer court, *or other structure or any place* or location *kept, used,* maintained, advertised, or held out to the public to be a place where living quarters or sleeping or housekeeping accomodations are supplied for pay to transient or permanent guests or tenants, whether in one or adjoining buildings, shall for the purpose of this chapter be deemed a *roominghouse*." (e.s.)

An examination of Ch. 212 reveals no express exemption for single family dwellings, condominiums or otherwise. From the above cited statutory provisions, there is clearly not even an implied single family dwelling exemption since "every house . . . or other structure or any place . . ." which is rented as living quarters for less than 6 months is a "roominghouse" by Section 212.02(6)(c), F.S. and is thus taxable under Section 212.03(1), F.S.

Plaintiff nevertheless argues that an implied single family dwelling exemption exists within the definition of "hotel" and "apartment house" contained in section 212.02(6)(a) and (b). As Plaintiff argues, in order to be taxable, a hotel needs to have 10 rooms* or more, otherwise it is exempt. Likewise an apartment house must contain 2 or more rooms in order to be taxable when rented to transients. Even if it were proper (in the face of the Section 212.21(2) and Section 212.08(12) express disallowances of implied exemptions) to consider the question of implied exemptions, or exemptions from a reading of statutes in pari materia, this court finds no merit in Plaintiff's position. This is so because of the very obvious fact that a 9 room hotel is taxable, whether you call it a hotel, apartment house, or roominghouse; that a motel (not listed in Section 212.02(6) but in Section 125.0104(3)(a), and probably not in existence in 1949 when the transient rental tax was enacted), is nevertheless taxable irrespective of the number of rooms, since it is at least a roominghouse by definition. The Court sees no merit in an argument that would have a tax of this kind imposed or exempted by what it was called on its sign, or by its owner or anyone else. Again, "roominghouse" is defined to be:

*Every house,* boat, vehicle, motor court, trailer court, *or other*

---

* Section 212.02(6)(d) defines rooms to include the parlor, the dining room, the kitchen, and other rooms.

*structure or any place* or location kept, *used,* maintained or advertised as, or held out to the public *to be a place where living quarters or sleeping or housekeeping accomodations are supplied for pay to transient* or permanent guests or tenants, whether in one or adjoining buildings, shall for the purpose of this chapter be deemed a roominghouse. (e.s.)

Clearly the above definition includes Plaintiff's condominium and renders it taxable when rented to transients.

Recently the Attorney General issued an opinion in AGO 082-51 which noted that the only exemptions or exceptions to the Section 212.03 transient rental tax are those found in Section 212.03(4) and (7), F.S. While the Court approves of this conclusion, there is need to elaborate.

Section 212.03(7)(b) expresses the legislature's intention to "provide *tax relief* for persons who rent living accomodations rather than own their own homes, while still providing a tax on lodgings that primarily serve transient guests." To guide the Department of Revenue in implementing this stated intent, Section 212.03(7)(c) states that:

(c) The rental of facilities, including trailer lots, which are intended primarily for rental as a principal or permanent place of residence is exempt from the tax imposed by this chapter. The rental of facilities that primarily serve transient guests is not exempt by this subsection. In the application of this law, or in making any determination against the exemption, the department shall consider and be guided by, among other things:

1. Whether or not a facility caters primarily to the traveling public;

2. Whether less than half of the total rental units available are occupied by tenants who have a continuous residence in excess of 3 months; and

3. The nature of the advertising of the facility involved.

The Court specifically concludes that while the above language appears to apply only to multi-unit facilities owned by one person or dealer and is therefore irrelevant here, it arguably could apply to individual condominium owners similarly situated to Plaintiff who may primarily rent to permanent residents (and are thus exempt) but who may also, from time to time rent to transients for whatever reason. Clearly, then this would present a question of fact which would vary from case to case. Therefore, this Court's prior order establishing a class is amended hereby to exclude any condominium owners who primarily rent their unit as a permanent place of residence.

There is however, no allegation in the Complaint or elsewhere that Mr. Himes rents to other than transients. Therefore, at least as to him, Section 212.03(7) is irrelevant.

Finally, there is question as to the ruling of the Florida Supreme Court in *Gaulden v. Kirk*, 47 So.2d 567, 576 (Fla. 1950) which upheld as reasonable the classification of two-family apartments in Ch. 212, F.S. as being exempt. Without considering whether or not the Court actually ruled on the question of the existence of a classification (as distinct from the reasonableness of one assumed to exist) and the credence the Court's use of the adverb "unquestionably" gives to this, clearly the Court there did not rule that the facility would not be taxable as a "roominghouse".

Furthermore, the Court takes judicial notice that this State has changed dramatically since 1950. Condominiums did not exist in proliferation then as they do now (there being at least 11,000 condominium associations statewide containing numerous individual owners each). Many of these individuals compete with hotel and motel owners for the limited tourist dollar.

Surely, a condominium owner who through a rental agent, his association or by himself, rents out his condominium to transients in competition with hotel and motel owners should not be exempted from the tax absent clear legislative direction providing for such exemption. As already stated, the Court is unable to find even an implied exemption in Ch. 212. In light of Section 212.21(2), the Court concludes that the renting or leasing of Plaintiff's condominiums to transients is taxable under Ch. 212 and Ch. 125, F.S.

The remaining challenges to the tax raised by Plaintiff are without merit. First, as to the challenge that the tax violates Plaintiff's constitutional guarantees of equal protection under the law, the Court finds that Ch. 212 does not classify dwelling types for transient rental tax purposes. The only material classification therein is the "less than 6 months tenant" being classified as a transient and thus taxable. This classification has been long upheld. *Miami Dolphins v. Dade Co.,* supra, citing *Gaulden v. Kirk,* supra. The statutory definition of "roominghouse" clearly removes any classification as to dwelling type and would and does include a condominium as well as a duplex, beach cottage, townhouse, tent and even a cardboard hut, should they be rented primarily to transients. Section 212.03(6)(c) makes taxable the renting of *"any structure"* to transients.

As to Plaintiff's allegations that the Department is singling out condominiums for enforcement, such an allegation fails to state a cause

of action for relief for two reasons. First, failure by the Department to collect the tax due from others does not state a cause of action for equal protection relief by those from whom it is collected. *Liggett v. Lee*, 288 U.S. 517, 77 L.Ed. 929 (1932). Second, there is no indication in the record that the Department intends to limit its enforcement to condominiums. In fact, the Department made the contrary representation to this Court. The fact that the Department suspended enforcement of the rental of single-family dwellings to transients pending the outcome of this litigation does not invalidate its efforts. Additionally, the fact that the possibility exists for some landlords to avoid taxation through sheer inability of the Department to detect them does not invalidate the tax. The sales tax (Ch. 212) is a voluntary tax and judicial notice is taken of the ample opportunities for non-compliance by dealers who sell goods as well as those who rent single family dwellings. The fact, if proven, that individuals have the opportunity to evade an otherwise valid excise tax does not void the tax. *Liggett v. Lee*, supra.

Plaintiff finally rests his challenge to the tax on estoppel theory, i.e. that with Rule 12A-1.61(21) still in force by virtue of the ruling in *Association of Condominiums v. Department of Revenue*, supra, the Department is estopped to deny the exemption erroneously provided for therein. This challenge has no merit for several reasons. First, the Florida Supreme Court in *State, Department of Revenue v. Anderson*, 403 So.2d 397 (Fla. 1981) has recently held that misstatements of law do not create an estoppel against the State. The Department's Rule 12A-1.61(21), and any others not authorized by statute are misstatements of the law. Second, here there is no detrimental reliance since the Department gave both constructive and actual notice that the tax was due on any rentals occurring after October 1, 1982 prior to its enforcement actions and has not attempted to assess Plaintiff's prior to their notification. Plaintiff's decision to refuse to collect the tax was his own.

WHEREFORE, it is ORDERED AND ADJUDGED that the Department's assessment of the Section 212.03, and Section 125.0104, transient rental taxes against Plaintiff are lawful, being demanded by statute. Plaintiffs, if they have not already done so, are hereby ordered to register with the Department as required by statute, begin charging and collecting the tax, and pay all taxes on any rentals to transients occurring after October 1, 1982 plus accrued interest and late penalties as provided in Section 212.12(2)(a) not to exceed 25%. The court specifically disallows any other penalties.

DAUKSCH, ORFINGER, and COWART, J.J., concur.