HARDY, Judge.
This is a suit by plaintiff as assignee of the balance of an account allegedly due for services rendered by the Wright-Bendel Clinic, and it appeals from the judgment of the West Monroe City Court which rejected its demands as of nonsuit.
The defendant is J. L. Jarvis, whom plaintiff alleged to be indebted in the principal sum of $271.50, representing the balance due on an account to the Wright-Bendel Clinic which had been assigned to plaintiff. Defendant answered and categorically denied the above noted allegations of the petition. On trial of the case plaintiff offered the testimony of the bookkeeper of its assignee, and counsel for defendant objected to the admission of any evidence on the ground that plaintiff was attempting to show an indebtedness of defendant for services rendered to his wife, which would have the effect of enlarging the pleadings. The evidence was admitted, subject to counsel’s objection, and established the fact that the services were rendered to the wife at a time when the defendant husband was overseas in military service. The record further establishes the fact, again over objection of defendant’s counsel, that upon his severance from service defendant made some payments on the account.
The judgment appealed from is predicated upon the holding in Norvell v. Aiavolasiti, La.App., 33 So.2d 434, in which our brethren of the Orleans Court rejected the demand of an assignee for the balance due for professional services on the grottnd that proof must correspond with the allegations of plaintiff’s petition in order to warrant recovery and that such proof, beyond the pleadings, cannot be established in the face of an objection to the evidence. Reference to the opinion in the cited case discloses the allegation that the services were rendered to the defendant. The objection to the testimony was directed at the effort of plaintiff to introduce evidence that the services were actually rendered to a married daughter and son-in-law of the named defendant at his request and on the basis of his promise to pay.
Neither the facts nor the legal principal’ enunciated in the cited case are appropriate to the matter under examination. We see nothing inconsistent in the evidence establishing services rendered to defendant’s wife under the allegation of a claim for a balance due by defendant on an account.
Counsel for defendant, in effect conceding the liability of the husband for medical services rendered for the benefit of his wife, argues that proof to such effect does not conform to the allegation that the services were rendered personally to defendant. We think counsel has misinterpreted the allegations of the petition which merely allege the indebtedness by defendant for a balance due on account to plaintiff’s assignor, the Wright-Bendel Clinic. Nowhere does the petition state that the services were personally rendered to plaintiff.
Under the pleadings and facts, we think the obj ection to the evidence was untenable. Nor do we deem it necessary to discuss the current trend of our jurisprudence with re *369 spect to liberalization of the rules of strict conformity.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside, and there is now judgment in favor of plaintiff, Merchants Adjustment Bureau, Inc., and against the defendant, J. L. Jarvis, in the full sum of $271.50, with 5% per annum interest from date of judicial demand until paid, together with all costs.